

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 19, 1972

Honorable Joe Resweber                  Opinion No. M-1240
County Attorney
Harris County Courthouse        Re:  Whether vehicle license re-
Houston, Texas   77002               ceipts are public records to
                                     be kept by the County Tax
                                     Assessor-Collector, and re-
Dear Mr. Resweber:                   lated questions.

        In your recent opinion request, accompanied by an able
brief, you asked two questions regarding the duties of the Harris
County Tax Assessor-Collector in the handling and disposition of
copies of vehicle license receipts issued by that office. Specifi-
cally you asked:

        "1.  Is the County Tax Office required to keep
these records, and if so, for what length of time?

        "2.  If these records are not required, but
maintained for auditing purposes only, are they
public records and is the county tax office re-
quired to furnish information by telephone to per-
sons seeking the ownership of automobiles?"

        In the case of Noqueria v. State, 59 S.W.2d 831 (Tex.
Crim. 1933), the court cites many definitions of "record" and
"public record", including the following:

        "'Record,' in its broadest sense is a memo-
randum public or private, of what has been done,
ordinarily applied to public records only, in
which sense it is a written memorial made by a
public officer."

        ". . . the term 'record' is ordinarily ap-
plied to public records only, in which sense a
record is a written memorial made by a public
official authorized by law to perform that function
and intended to serve as something written, said,
or done."

-6071-

The county tax assessor is a public official, elected under the authority of the Texas Constitution, Article VIII, Sections 14 and 16, by the people of his county.  He is authorized to collect fees for and to issue vehicle license receipts under Articles 6675a-2, et seq., Vernon's Civil Statutes.  Each copy of a vehicle license receipt he makes is "a written memorial made by a public official authorized by law to perform that function . . ."

Harris County, like many counties crowded for space, has most of its public records on microfilm.  Article 6574b, Vernon's Civil Statutes, provides for the photographic duplication of public records and the destruction of the records.  Section 4 of Article 6574b reads:

"Sec. 4.  Said photographic duplicates of all public records shall be placed in conveniently accessible files and provisions shall be made for preserving safekeeping, using, examining, exhibiting, projecting and enlarging the same whenever requested during regular office hours.  Whenever photographic duplicates of public records are so made, certified and placed, the original public records may be, by order of the Commissioners Court of the county, or of the governing body of any political subdivision of Texas, destroyed or otherwise disposed of, provided, however, that no original record shall be destroyed or otherwise disposed of unless or until the time for filing legal proceedings based on any such record shall have elapsed, and, in no event, shall any original public record be destroyed or otherwise disposed of until said public record is at least five (5) years old; and provided further, that notice of such proposed destruction or disposition of original public records are, in his opinion, needed for the Texas State Library, they shall be transferred thereto in the manner provided in Article 5439, Revised Civil Statutes, 1925."

Attorney General's Opinion WW-793 (1960) has interpreted Section 4 as follows:

"It is therefore the opinion of this Department that the provision in Article 6574b that no original records may be destroyed until the 'time for filing legal proceedings based on

any such record shall have elapsed' is not con-
trolling in relation to this statute and that
original public records, other than *any deed
record, deed of trust record, mechanic's lien
record or any minute book of any court, or any
minute book of any political subdivision of
Texas*, may be destroyed according to Article
6574b, when the following conditions have been
complied with:  (1) when in the judgment of the
Commissioners' Court or other governing bodies
a necessity exists; (2) when the records have
been properly duplicated in a manner set out in
said statute; (3) when said public records are
five (5) years old; and (4) when notice of said
destruction is given the State Librarian, and
if such records are, in his opinion, not needed
for the Texas State Library."

Thus the length of time the county tax office must keep the motor
vehicle license receipts records is five (5) years.

Question two considers the furnishing of information by
telephone to persons seeking the ownership of automobiles.  The
leading case reported in Texas upon the subject of the rights
of the citizens of a state to inspect the records of the state
or county is Palacios, et al. v. Corbett, et al., 172 S.W. 777
(Tex.Civ.App. 1915, error ref.).  In this case the San Antonio
Court of Appeals applied the common law upon this subject as
the law in Texas (Art. 1, V.C.S.).  This case has been followed
by this office in Attorney General's Opinions O-854 (1939),
O-2044 (1940), and O-3591 (1941), which last opinion reads in
part as follows:

". . . if the reports or records are not
confidential, but on the other hand are of a
public nature, private citizens or their duly
appointed representatives have a right to in-
spect such of the records as they have an interest
in.  This right, of course, is subject to limita-
tion imposed by the Legislature in enacting the
subject laws.  We do have instances in which the
Legislature has specifically limited the authority
to examine or copy records required of individuals,
partnerships, or corporations, such as the records
of the Texas Unemployment Compensation Commission."

In examining the statutes pertaining to motor vehicle license receipts, we find no provision making these records confidential or protecting them from examination or observation by interested persons. We do find in Article 6574b, Sec. 4, that examination of photographic duplicates of all public records "shall be . . . whenever requested during regular office hours . . . ." and as we have held in the above cited opinions, examinations must be made at reasonable hours and without interfering in the normal operation of the office.

We find no authority requiring or empowering the county tax office to give any information over the telephone to anyone calling and requesting information on the ownership of automobiles. It would appear, however, that this information could be given at the discretion of the tax office as a matter of courtesy to the public.

### S U M M A R Y

The county tax office's motor vehicle license receipt records are public records and must be preserved for five years under the law. These records may be examined at the tax office during reasonable hours or regular office hours by interested persons. Information from these records requested by telephone can be given at the discretion of the tax office as a matter of courtesy to the public but the tax office is not required to provide this service.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Linda Neeley
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Ben Harrison
Jim Swearingen
Austin Bray
James Hackney

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant