**Ralph C. LEWIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–88–479–CR.**

Court of Appeals of Texas, Corpus Christi.

June 8, 1989.

Rehearing Denied July 7, 1989.

Michael A. Maness, Houston, for appellant.

Daniel W. Shindler, Dist. Atty., Bay City and Jim Vollers, Austin, for appellee.

Before UTTER, SEERDEN and DORSEY, JJ.

## OPINION

UTTER, Justice.

A jury found appellant, Ralph C. Lewis, guilty of tampering with a governmental record. The trial court assessed punishment at ten days' confinement, probated, and a $2,000.00 fine. We affirm the judgment of the trial court.

By his first point of error, appellant contends that the trial court erred by overruling appellant's motion for a directed verdict of acquittal because the undisputed evidence established as a matter of law that the arrest warrant was not a government record when the false entry was allegedly made.

■ We first note that after appellant's motion for directed verdict was overruled, appellant presented his defense. By putting on a defense, appellant waived his contention that the trial court erred in overruling his motion for a directed verdict. *Kuykendall v. State*, 609 S.W.2d 791 (Tex. Crim.App.1980); *Veloz v. State*, 653 S.W.2d 918 (Tex.App.—Corpus Christi 1983, no pet.).

■ Appellant argues that he typed the false entry on the printed "warrant of arrest or capias" form *before* he signed it in his official capacity as Justice of the Peace and that the arrest warrant was not, therefore, a "government record" at the time the false entry was actually placed in the arrest warrant.

The State's exhibit number one is a copy of an arrest warrant wherein Donald Victor Rodgers was ordered to be arrested for theft based on the "written complaint, under oath, of Ray Garcia (B.C.P.D.)." This arrest warrant was signed by appellant in his official capacity as Justice of the Peace, Precinct No. One, Matagorda County, Texas, and assigned a docket number.

The record further reflects that the testimony which appellant gave to the grand jury was read at trial. In that testimony, appellant admitted that his signature was on the arrest warrant, that he did not swear Ray Garcia, that Ray Garcia did not make a sworn complaint, and that he, therefore, did not possess a written complaint under oath at the time he made the related entry on the arrest warrant and signed it. Appellant further admitted that the entry was, in fact, false and that he knew it was false. He also agreed that the arrest warrant was a government record.

Ray Garcia testified that he is a detective supervisor for the Bay City Police Department. He further testified that he never signed a written complaint under oath as

represented in the above arrest warrant and that the above entry was false.

After appellant's motion for a directed verdict of acquittal was overruled, appellant testified in his own behalf that an officer of unknown identity told him that a written complaint would be prepared and forwarded to him to support the issuance of an arrest warrant. He believed that the written complaint would ultimately be forwarded to him by Ray Garcia and that is why he put Ray Garcia's name on the arrest warrant. Appellant thereafter typed the information on the arrest warrant, placed a criminal docket number on the warrant, entered it in the criminal docket book, and personally delivered it to the jail. Appellant also testified that a complaint was required before he could issue an arrest warrant, but that, in this case, he had assurances from an unknown officer at the Bay City Police Department that one was coming. Mr. Rodgers was subsequently arrested and jailed on this warrant. Appellant further testified that the arrest warrant is a government record in its present form and that the entry that Mr. Rodgers was accused by the written complaint under oath of Ray Garcia was a false entry. However, appellant also testified that at the time he actually made the above entry, the arrest warrant was not a governmental record because it had not been docketed in the court's docket book. After the arrest warrant was docketed, he did not make any changes, alterations, or add any entries to the arrest warrant.

Although we have neither found nor been cited to any case authority directly on point, we believe the following cases support our position. In *Graham v. State*, 123 Tex.Crim. 121, 57 S.W.2d 850, 854 (1932), the defendant was a county clerk who was convicted for unlawfully giving the county treasurer a false certificate in writing. Tex.Penal Code Ann. art. 359 (1925) (repealed 1973), a predecessor of Tex.Pen. Code Ann. § 37.10 (Vernon 1974), made it unlawful for a clerk to falsely certify that a person had done any act or that a person was entitled to any right, which the clerk was permitted by law to certify. The certificate in that case "was shown to be en-

tirely in the [defendant's] handwriting and signed by him and was a warrant drawn on the county treasurer ... bearing the seal of said county and signed by [defendant] as county clerk and purported to be by the authority of the commissioner's court of said county." The court held that this was a "certificate" within the meaning of the statute and that there was sufficient evidence to sustain a conviction for the issuance of a false certificate. Even though the court did not expressly state that it was determining when the document became a "certificate," we find that this is implied in the court's holding. Specifically, the clerk was a public official who was acting in her official capacity as county clerk at the time she both wrote and thereafter certified the warrant for payment.

In *Smith v. State*, 220 S.W. 552, 553 (Tex.Crim.App.1920), the defendant was convicted under Tex.Penal Code Ann. art. 943 (1911) (repealed), also a predecessor of Tex.Penal Code Ann. § 37.10 (Vernon 1974). Article 943 made it unlawful to "willfully and maliciously change, alter, multilate, destroy, deface or injure any book, papers, record or any other document, required or permitted by law to be kept by any officer within this state...." In this case, the court was asked to determine whether mandatory written examinations for teachers' certificates were government records at the time they were altered. The facts reflected that after the examinations were completed, an employee of the State Board of Education delivered the examinations to an expressman for forwarding to the State Superintendent of Public Instruction. However, the expressman, having been bribed, first delivered the examinations to the defendant for alteration before transporting them to the State Superintendent for grading. The court held that the examinations became government records when they were received by the employee of the State Superintendent at the test site, and were, therefore, government records at the time they were altered.

Appellant's reliance on *Nogueira v. State*, 123 Tex.Crim. 449, 59 S.W.2d 831 (1933) and *Constructors Unlimited, Inc. v.*

*State,* 717 S.W.2d 169 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd) is misplaced. In *Nogueira,* the court merely held that a false entry by an employee of the District Clerk in a cash book did not constitute mutilation, destruction, change or alteration of a public record as forbidden by Tex.Penal Code Ann. art. 1002 (1925) (repealed 1973), the immediate predecessor statute to Tex.Penal Code Ann. § 37.10 (Vernon 1974). Rather, the court found that article 1002 contemplated a public record already in being which was mutilated, destroyed, changed or altered and not the creation of an entirely new entry in a public record. *Nogueira,* 59 S.W.2d at 832–33.

In *Constructors Unlimited,* the court was asked to determine whether a contractor made a false entry in a government record when the contractor's president signed forms indicating that various bills had been paid. These forms were subsequently submitted to a governmental entity. The court held that the forms containing the false statements were not a government record at the time the president signed them because at that time, the forms did not belong to the government, had not been received by the government, and therefore were not kept by the government for information. In short, the forms did not become a government record until they were later submitted to the governmental entity.

In the present case, appellant was acting in his official capacity as Justice of the Peace at the time he made the false entry on the arrest warrant. Moreover, when appellant signed the arrest warrant, he acted to make the entire instrument a government record, including the false entry. Appellant's act of making the entire warrant a government record constituted an act of making the false portion of the warrant a false entry in a government record. Appellant's actions constituted a single, simultaneous transaction wherein he both created a government record and inserted a false entry in the record in violation of Tex.Penal Code Ann. § 37.10 (Vernon 1974). To hold that appellant's each and every act constituted a separate transaction under the facts of this case would contravene the statute's intended purpose. We overrule appellant's first point of error.

By his second point of error, appellant contends that the trial court erred in overruling appellant's objection to the trial court's charge to the jury. Appellant argues that a portion of the charge constituted a comment on the weight of the evidence because it instructed the jury that the document alleged in the indictment was, in fact, an arrest warrant at the time the false entry was allegedly made. Appellant further argues that the trial court's error resulted in an improper verdict because it removed a crucial fact question from the jury's consideration which may have resulted in appellant's acquittal.

Appellant judicially admitted the facts surrounding the manner of preparation of the arrest warrant, and no instruction was requested or submitted to the jury regarding when the arrest warrant became a government record. Moreover, the determination of when the arrest warrant actually became a government record appears to be a question of law that was for the court to decide. In short, the complained-of portion of the trial court's charge did not constitute a comment on the weight of the evidence because it simply did not assume the truth of any disputed fact. *See Andrews v. State,* 652 S.W.2d 370, 374 (Tex. Crim.App.1983); *Grady v. State,* 634 S.W.2d 316, 317 (Tex.Crim.App.1982); *Marlow v. State,* 537 S.W.2d 8, 10–11 (Tex. Crim.App.1976). Therefore, the trial court did not err when it tracked the relevant part of the charging instrument in the application paragraph of the charge. We overrule appellant's second point of error.

The judgment of the trial court is AFFIRMED.