Billy Joe **HENSON**, Appellant,

v.

**The STATE** of Texas, Appellee.

No. 42646.

Court of Criminal Appeals of Texas.

March 18, 1970.

Jimmy Phillips, Jr., Angleton, for appellant.

Ogden Bass, Dist. Atty., and James E. Brown, Asst. Dist. Atty., Angleton, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for rape; the punishment, thirty years.

The first ground of error is that the trial court erred in refusing to grant appellant's first motion for a continuance.

The motion filed January 29, 1969, alleged that the prosecutrix was then pregnant and her baby was due in April; that her pregnancy was not caused by the appellant; and that her pregnancy might cause undue sympathy for her by the jury and prejudice the appellant's rights before the jury.

On February 4, 1969, the day this trial began, the appellant introduced evidence that the prosecutrix was pregnant and her baby was due April 22; and that her pregnancy was not caused by the appellant.

■■ The motion was not a statutory motion for a continuance, but one addressed to the sound discretion of the trial court. It was within the province of the court to accept or reject the motion, and his action in rejecting same is reviewable by this Court. It is concluded that the trial court did not abuse his discretion in refusing the motion. Jones v. State, 156 Tex.Cr.R. 248, 240 S.W.2d 771; Gordy v. State, 160 Tex.Cr.R. 201, 268 S.W.2d 126. Ground of error number one is overruled.

■ The fifth ground of error is that the court failed to charge the jury on the offense of aggravated assault.

The prosecutrix testified that she left the place where she was employed about 12:15 or 12:30 a. m., and while going home in her automobile, she saw car lights flashing in the rear view mirror and stopped because she had had previous trouble with the tires. Then a man unknown to her, but who she later identified as the appellant, told her to open the car door, and upon her refusal he forced his way into the car, and she got out on the opposite side. He overtook her in the middle of the road, tore her blouse, grabbed and struck her several times while cursing and telling her to "Shut up" and get in the car as she screamed and struggled. When he told he would leave her alone if she would get in her car, she entered the car, but he again forced his way into the car. She tried to sound the horn, but he prevented it. He got on top of her and forced her down on the seat while she was begging, crying and struggling at her utmost, pulled her slacks and panties down, and placed his private parts into hers and told her to "make it good for him." When she saw lights, she told him; he raised up and then "got up off me" and left the car. At this time, Deputy Sheriff Tatum parked at the rear of and approached the car of the prosecutrix. Tatum testified that he saw the appellant get out of the car, that his shirt was unbuttoned and "hanging out," and he was buttoning his blue jeans. Tatum further testified that he found the prosecutrix lying on the car seat crying and screaming, "Don't let him near, he was going to kill me." The testimony of Tatum and a physician who examined the prosecutrix corroborates her testimony that a struggle had taken place between the parties and that an attack had been made upon her.

Deputy Sheriff Tatum appeared at the scene in response to a telephone call from a resident in the area who heard the screams of a woman.

The written statement of the appellant introduced in evidence corroborates the testimony of the prosecutrix. The statement in part recites, "I did tell this girl that all I wanted to do was to f——— her"; and that he had sexual intercourse with her without her consent.

The evidence, from the preparation to the consummation by the appellant of the act of intercourse with the prosecutrix, warrants but one conclusion, that is, that he accomplished the sole purpose of his mission. Keeton v. State, 149 Tex.Cr.R. 27, 190 S.W.2d 820.

In light of the record, there was no error committed by the trial court in refusing the charge on aggravated assault. The fifth ground of error is overruled.

■ The appellant contends that the trial court erred in admitting in evidence his written confession before the jury on the

ground that it was obtained as a result of his illegal detention.

Deputy Sheriff Tatum testified that in response to a telephone call about 1 a. m., he went from Alvin to where the prosecutrix's automobile was parked about three miles north of Alvin on a road, and after a brief investigation he returned to the police station in Alvin with the appellant and called an investigator. About 2:57 a. m., Tatum took the appellant before a justice of the peace in Alvin, filed charges of rape against him, and then the magistrate informed the appellant of his rights which included that he had a right to counsel and if he was unable to employ counsel then counsel would be appointed for him. The appellant never asked for counsel. Next, Tatum took the appellant to the courthouse in Angleton where the appellant used the telephone at 3:35 a. m. Appellant talked to the party he called but never asked the party to obtain counsel for him. Then appellant was booked and placed in jail.

J. R. Jones, criminal investigator for the sheriff, testified that he met the appellant in the investigation office in the courthouse about 11 a. m., October 22, 1968. He gave the appellant the warning as shown by Jones' testimony which complies with Miranda. After talking with him about thirty minutes, it became meal time, and their conversation ended. Jones returned about 3 p. m., and he again warned the appellant as he had done that morning before talking again with him. Jones read the warning in the written statement which the appellant made to him at 3:54 p. m. The warning, as shown in the statement, was in accordance with the statute. After the written statement was made, the appellant read and signed it. Jones testified that there was no force, coercion or duress used to get the appellant to make and sign the statement. On cross-examination Jones testified that during their talk that morning the appellant told him that his relations with the prosecutrix were voluntary, and Jones told appellant that he did not believe him.

The appellant did not testify or offer any testimony.

The evidence reflects that probable cause existed for the apprehension of the appellant and that he was taken before a magistrate within a brief time where he was informed of his constitutional rights, and he was permitted and did talk with the person of his choice by telephone before he was booked at the jail. The record does not reveal any acts of coercion, duress or influence which were done or directed toward the appellant while he was in custody which deprived him of his capacity for self-determination. The record fails to show that the confession was obtained as a result of his illegal detention.

The appellant contends that the trial court erred in allowing the state to question him concerning the truth of matters stated in the confession and concerning his prior convictions. Appellant relies upon Rogers v. Richmond, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760; Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908; Lopez v. State, Tex.Cr.App., 384 S.W.2d 345.

In support of his contention, the appellant states in his brief:

"The Defendant took the stand in a hearing on the voluntariness of the confession out of the presence of the jury. The Court allowed the District Attorney to ask questions concerning the Defendant's prior convictions. (TR p. 77–79). The Court also permitted the District Attorney to ask questions going to the truth of the matter stated in the confession. (TR p. 85)."

On page 85 the following two questions are apparently the only ones on that page to which his contention applies:

"Q Did you, at the time of this alleged crime did you live in Apartment 231-A, 213 East Sealy, in Alvin, Texas?

"A Yes, sir.

"Q You were born in Coleman County?"

No objection was made to the first question and answer and the second question was not answered.

On page 77 are the following questions and answers:

"Q And you knew what you were signing, did you not?

"A Yes, sir.

"Q In fact, you went through the eleventh grade?

"A Yes, sir.

"Q In fact, you got training from other schools here in Texas, haven't you?

"A Yes, sir.

"Q Some of those other schools are located, are they not, at some penitentiaries here in Texas?

"A Yes, sir.

"Q Were you not convicted in Brown County, 1957, for the offense of forgery?

"Mr. Phillips: I am going—

"A Yes, sir.

"Mr. Phillips: To object to the question and any answer given, your honor. In a hearing where the defendant takes the stand for voluntary cross examination the facts shall be surrounding the voluntary confession and no extraneous facts." The objection was overruled.

The evidence was admissible as bearing on the appellant's credibility as a witness and in aiding the trial court in determining the voluntariness of the confession by showing appellant's prior experience with law enforcement authorities. This ground of error is overruled.

The fourth ground is that: "The court erred in not granting defendant's motion to produce evidence inconsistent with the guilt of the defendant."

The record reflects that when the motion was presented, the district attorney informed the court that he knew of no evidence which would be inconsistent with the defendant's guilt in this case. There is no showing by appellant of any evidence which the state has suppressed that would be inconsistent with his guilt. A review of the record on appeal does not reveal such evidence. Bell v. State, Tex.Cr.App., 442 S.W.2d 716. This ground is overruled.

In appellant's sixth ground of error he contends that the evidence is insufficient to support a conviction for rape by force.

It is concluded that the evidence as shown in considering the fifth ground of error is sufficient to support a conviction for rape by force.

Error is urged on the ground that the trial court erred in submitting to the jury the issue of rape by threats because the evidence is insufficient to raise that issue.

During the struggle out in the highway, the appellant told the complainant several times that he would kill her if she did not get back into the car. As she got back into the car, he again forced his way into the car, and kept telling her to "Shut up" and stop crying, that he could kill her if he wanted to. When the deputy sheriff caught the appellant, as reflected by his and the complainant's testimony in considering the fifth ground of error, she began screaming, "Don't let him near, he was going to kill me."

The acts and statements of the appellant, as shown by the evidence, are sufficient to authorize the court to submit the issue of rape by threats to the jury. The seventh ground of error is overruled.

The judgment is affirmed.