**Charles Edward CHIVERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 44798.

Court of Criminal Appeals of Texas.

May 24, 1972.

Rehearing Denied June 28, 1972.

Dan J. Anderson, Richardson, for appellant.

Henry Wade, Dist. Atty. and James B. Scott, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for rape. Appellant was found guilty by a jury, and his punishment was assessed by the court at confinement for life.

In his brief, appellant raises two grounds of error. In his first ground of error, he complains of the admission into evidence of (1) a knife which was taken from his person as a result of a search incident to his arrest, (2) two items of clothing which were taken from appellant's home as a result of an oral statement made by him to police officers while in custody, and (3) a written statement signed by appellant while in custody. It is appellant's contention that all three were inadmissible as being the fruits of an illegal arrest. Appellant does not challenge the voluntary nature of the oral statement, but the voluntary nature of the written statement is challenged in his second ground of error.

The admissibility of the clothing which was located as a result of appellant's oral statement and the admissibility of his written statement is not dependent upon the legality of his arrest but rather, is dependent upon the voluntary nature of the oral and written statements. The admissibility of the knife, however, is dependent upon the validity of the arrest because it was seized as a result of a search incident to arrest. Therefore, the legality of the arrest must be determined.

Appellant contends that his arrest was illegal because it was not made pursuant to an arrest warrant and because it did not fall within one of the statutory exceptions to the warrant requirement.

The evidence reflects that the complaining witness was raped in her mobile home by a Negro male at approximately 10:00 a. m. on January 27, 1970. After the man left the home, the police were called, but were unable to locate the man. At approximately 10:30 a. m. on the following day, the complaining witness again saw the man who had raped her at the door of her mobile home. The police and Mr. Keenan, husband of the complaining witness who was at work, were called. Mr. Keenan immediately left for his home, arriving there before the police arrived. Upon his arrival, he saw a Negro male standing in a washateria which was located near his home, looking in the direction of the home. Keenan recognized the man as matching the description of the rapist given to him by his wife on the day before. Keenan gave chase, but was unable to catch the man. The police then arrived, and Keenan gave a description of the man to the officer who arrived, who was the same officer that answered the call the previous day. The outstanding characteristic contained in Keenan's description was that the man had no upper teeth in the front of his mouth and had a "fuzzy looking moustache."

The arresting officer testified that when he arrived at the scene on the 28th, he was told by Keenan that a Negro male had been watching his house. Based on the description given to him by Keenan, the officer concluded that the man was the rapist. The officer then drove around in the neighborhood, looking for the man who fled. During the course of the search, and after approximately one hour, the officer observed appellant walking with a woman on a city street.[1] Recognizing appellant as the man described by Keenan, the officer arrested him, and recovered the knife in question as a result of a search of appellant's person.

Under the circumstances, the arrest without warrant was authorized by Art. 14.04, Vernon's Ann.C.C.P. The arresting officer had reason to believe that a felony had occurred, he being the officer who went to the scene of the crime on the day it occurred.[2] In light of appellant's flight from Keenan, the officer had good reason to believe that appellant was about to escape. Houston v. State, 428 S.W.2d 353 (Tex.Cr.App.1968). Appellant's first ground of error is overruled.

1. The record does not disclose the distance of the place of arrest from the scene of the crime. The record indicates that the place of arrest was approximately five or six blocks from the road on which the mobile home was located. However, there is no evidence as to the distance of the mobile home park from the place of arrest.

At one point, a witness testified, while examining a map, as follows: "A Right in here (indicating) right in there, to the best of my knowledge, is where he was arrested, I believe it's going to right in there (indicating)."
Such testimony, for appellate purposes, is absolutely useless.

2. The officer testified that on the 27th, when he first went to the scene of the crime, he met the complaining witness, who was very nervous and upset. She had marks or bruises on her body. Thus, her assertion was corroborated by her mental and physical condition.

Appellant's second ground of error is as follows:

"Your Appellant would show that on or about the 1st day of February, 1970, he was tricked into signing a statement that confesses to the commission of the crime for which he was charged and that said confession was not given voluntarily and was in fact signed by him, he believing it to be a release from liability for the benefit of the City of Grand Prairie."

In the argument accompanying this ground of error, appellant states that, while in the Grand Prairie city jail, he signed the confession, but that he believed it to be a waiver of liability. He states that he requested medicine for his asthma, and was told by a jailer that he would have to sign a waiver in order to obtain it. He claims that he signed the confession believing that it was the waiver for the medicine and that he was only semi-literate and therefore unable to read the instrument.

The record reflects that a hearing was held, outside the presence of the jury, on the issue of the voluntary nature of the confession. At this hearing, appellant testified essentially as set out above. However, Officer Pfeifer, a member of the Grand Prairie Police Department, testified that appellant signed the confession in his presence, after having been given the warnings required by Art. 38.22, V.A.C.C. P.[3] Pfeifer testified that he reduced appellant's statement to writing, read it to appellant and that appellant, after appearing to read the statement, signed it. Annette Stewart, a clerk-typist in the police department, testified that she saw Officer Pfeifer read the statement to appellant and saw appellant appear to read the statement, and sign it. The court entered written findings of fact and conclusions of law, in which he found that the statement was freely and voluntarily made, and that it was not made as a result of appellant's believing that it was another instrument.

The court, as trier of fact, was free to disbelieve appellant's testimony, and to believe the testimony of the witnesses Pfeifer and Stewart. *See e. g.,* Farmer v. State, 475 S.W.2d 753 (Tex.Cr.App.1972); Rhodes v. State, 441 S.W.2d 197 (Tex.Cr. App.1969). There was ample evidence to support the trial court's findings. Appellant's second ground of error is overruled.

The judgment is affirmed.

3. There was also testimony that appellant had been taken before a magistrate and warned soon after his arrest, and that he had been given the statutory warnings again on the date of arrest, by Officer Pfeifer, at which time appellant signed a written statement in which he claimed that he had intercourse with the complaining witness by consent.