**Marion Lloyd HORNE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47774.**

Court of Criminal Appeals of Texas.

March 13, 1974.

---

Britt Thurman, Abilene, for appellant.

Ed Paynter, Dist. Atty., Abilene, Jim D. Vollers, State's Atty. and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

The conviction is for the offense of robbery by firearms; punishment was assessed at 102 years' confinement.

Three grounds of error are raised on appeal. The first such ground alleges that the trial court committed reversible error in failing to suppress the confession of the appellant since the confession was coerced. At the suppression hearing, an attorney testified and related that at one point in time he had represented the appellant when he was under a burglary charge in another county. The attorney testified that, though he never actually discussed a "written statement", it was his understanding that until his client "got his business cleared up" in Taylor County he would "be in a very poor position." Also, it appears from the record that this attorney overheard one end of a telephone conversation as the Sheriff of Parker County (where the burglary charge was filed) spoke to the District Attorney of Taylor County. The attorney stated that from this conversation he "gathered" that the *implication* was that unless the appellant confessed in the present case the habitual offender statute (Art. 63, Vernon's Ann.P.C.) would be invoked. On cross-examination by the prosecutor, this witness stated that he was specifically told by the District Attorney of Parker County that appellant would be tried as an habitual offender if he "did not

cooperate." The attorney stated that he conveyed all these conversations to the appellant.

A Sergeant Emerson of the Abilene Police Department testified that the appellant was given his *Miranda* warnings before he made his confession. He further stated that the appellant indicated that he understood the meaning of these warnings and an attorney was present with the appellant when the statement was given. Emerson testified that he specifically informed the appellant that there would be "no deals" as a result of the confession and there was no way of telling how many years he might receive when the case came to trial.

■ No other witnesses testified at the suppression hearing; the appellant did not take the stand (see the discussion under appellant's ground of error #3). At the conclusion of the hearing, the trial court denied the suppression motion and entered a finding that the confession was freely and voluntarily given by the appellant. We find no abuse of discretion in such a ruling, in light of the contradictory evidence presented. Further, there was no evidence presented whatsoever to the effect that the appellant made his confession *because of* the implications or threats that the enhancement statute would be used. In light of the fact the appellant did not testify at the hearing, we decline to make such an assumption. This first ground is overruled. Chivers v. State, 481 S.W.2d 125 (Tex.Cr.App.1972).

■ Appellant next argues that reversible error was committed when, in announcing to the jury this cause, the existence of another case filed against the appellant was made known, thus showing an extraneous offense. The record reflects the following colloquy:

"THE COURT: I call Cause No. 4449–B and styled the State of Texas vs. Marian Lloyd Horne. How says the State?

"[PROSECUTOR]: Judge, it is 4450. But we are ready in 4450–B.

"THE COURT: I call Cause No. 4450–B, and styled the State of Texas vs. Marion Lloyd Horne.

"[PROSECUTOR]: Ready, Your Honor.

"[DEFENSE COUNSEL]: Your Honor, the defense is ready, subject to some objections outside the presence of the Jury panel.

"THE COURT: All right. Fine."

At this point, the court informed the panel that the attorneys would address them at that time; this was done, and then the panel was voir dired by the prosecutor. Only after that did the appellant's attorney inform the court of his objection to the manner in which the case was called for trial; however, he failed to secure a ruling on his objection. Another objection, still later, was also made.

Appellant's objections were untimely made; further, the record fails to demonstrate any harm to the appellant. The statement by the trial judge appears to have been a simple mistake, one which just as easily could have referred to a case involving a different person; in fact, in the absence of other evidence which was shown outside the presence of the jury, it certainly would not be clear to this Court whether this other cause number also involved the present appellant. Nor do we feel the jury was prejudiced by this remark. This ground is overruled.

 The final ground of error states that the trial court committed reversible error in "failing and refusing to let the [appellant] take the stand for purposes for testifying about the coercion of the confession" at the suppression hearing. The record reflects that the following occurred after the conclusion of the testimony presented by the attorney-witness: (See the discussion of the appellant's first ground of error.)

"[DEFENSE COUNSEL]: Your Honor, it is my understanding of the Jackson vs. Denno, 378 U.S. 368 [84 S.Ct. 1774, 12 L.Ed.2d 908], that I may now place my client on the stand to testify concerning these threats and coercions made by the various officers and offices of the State of Texas with immunity as to the testimony being used at a later time. Is this the Court's understanding of the Jackson vs. Denno decision?

"THE COURT: Well, I am familiar quite well with Jackson against Denno, but I am not sure what the implications are on down the line on the thing, Mr. Thurman. I think that case relates to voluntariness of a confession; does it not?

"[DEFENSE COUNSEL]: Yes, sir.

"THE COURT: I don't know what the implications are on down the line on the trial of the case.

"[DEFENSE COUNSEL]: In that event, Your Honor, we rest."

As previously stated, the appellant did not take the stand at the suppression hearing. Further, after the conclusion of the presentation of the evidence before the jury, at the actual trial, the following colloquy occurred:

"(THE FOLLOWING PROCEEDINGS WERE HAD OUTSIDE THE PRESENCE AND HEARING OF THE JURY, TOWIT:)

"[DEFENSE COUNSEL]: Your Honor, at this time, under Jackson vs. Denno, I would like to place the defendant on the stand for the purpose of testifying concerning the coercion of this confession.

However, to do so, the defendant must be granted immunity from this testimony being used later against him in this trial, or any other trial. I would like a ruling of the Court as to

whether or not the Court would grant this immunity.

"THE COURT: Mr. Paynter.

"[PROSECUTOR]: Judge, I think that the Court could well grant him whatever immunity Jackson vs. De*no* requires.

"THE COURT: You want to put him on the stand *outside the presence of the jury*? (Emphasis added)

"[DEFENSE COUNSEL]: Outside the presence of the Jury for the limited purpose of testifying about the coercion of the confession.[1]

"THE COURT: I am not going to grant him any immunity from anything. I will let him testify here and the Court will rule on whether or not —anything—what he can use it for. But I am not going to grant him any immunity for anything. You can go ahead and put him on the stand and let him testify.

"[DEFENSE COUNSEL]: Your Honor, note my exception.

"THE COURT: All right. Do you want to put him on?

"[DEFENSE COUNSEL]: No, sir.

"[DEFENSE COUNSEL]: We rest, too, Your Honor.

"THE COURT: All right.

"[PROSECUTOR]: We are ready to argue.

"THE COURT: Mr. Paynter.

"[PROSECUTOR]: Yes, sir.

"THE COURT: Now, before this trial proceeds any further, I want the record to reflect that this defendant is entitled to take the stand; and if he wants to make his bill of exception with regard to any coercion of any confession, I think he is entitled to do that under the law; and the Court so affords him the opportunity, and he is welcome to do that at this time. But with regard to offering him any immunity from any prosecution, I have no authority to do that, and I have not been asked to do that by the prosecuting authority; and I want to be sure that you understand the ruling of the Court here.

"[DEFENSE COUNSEL]: Yes, sir, I do.

"THE COURT: O.K."

It is unclear exactly what assurances the defense counsel was seeking to obtain before he would permit the appellant to testify, either at the suppression hearing or during the actual trial. It appears that his use of the word "immunity" bewildered the trial court, as it does this Court.[2] Perhaps he was seeking to avoid a problem similar to that faced in Butler v. State, 493 S.W. 2d 190 (Tex.Cr.App.1973). However, in the present case, the defense never received an adverse ruling; no action taken on the part of the court or the State prevented him from placing his client on the stand for the purpose of testifying as to the alleged coercion used against him. If harm has been shown, it has been self-inflicted.

The judgment is affirmed.

1. The proper method for attacking the validity of a confession is set out in Art. 38.22, Vernon's Ann.C.C.P.

2. Jackson v. Denno, supra, clearly authorizes a defendant the right to testify at a suppression hearing, for this limited purpose. For example, as stated in Lopez v. State, 384 S.W. 2d 345 (Tex.Cr.App.1964):
"Should the defendant testify at such a hearing, the cross-examination of the defendant shall be limited solely to the facts surrounding the voluntariness of the confession, and the defendant shall not be subject to cross-examination except for the limited purpose of facts involving the voluntary nature of his confession, nor shall the defendant be compelled to take the stand upon the trial of the cause upon its merits because of his testimony at this hearing."