**Daniel FARR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49397.**

Court of Criminal Appeals of Texas.

March 12, 1975.

---

Alfred W. Offer, San Antonio, for appellant.

Ted Butler, Dist. Atty., Nick Rothe, Sharon MacRae and Douglas C. Young, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for felony theft; punishment was assessed by the jury at imprisonment for five (5) years.

It is appellant's contention that the confession introduced at trial was the result of coercion, threats, and fear and, consequently, is invalid and inadmissible. Chambers v. Florida, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716 (1940). Because of our disposi-

tion of this ground of error, it is not necessary to make an expatiated statement of facts except as pertains to the circumstances surrounding the confession and the Jackson v. Denno hearing.[1]

From the undisputed evidence adduced at the preliminary hearing on the motion to suppress the confession, seventeen-year-old appellant and his fourteen-year-old companion were arrested about 6:30 a. m. by Officer Hernandez of the San Antonio Police Department. Hernandez placed the two boys in his patrol car and without having first informed them of their rights began trying to elicit an admission from them that they had stolen a motorcycle. Several other police units were dispatched to the scene and the boys were separated into different patrol cars and interrogated individually. It was appellant's uncontradicted testimony that Officer Lubbock reached through the rear window of the patrol car and began "slapping and choking" appellant, who was restrained from behind by manacles. Appellant further testified without contradiction that he became extremely frightened when Officer Hernandez told him:

> "You might as well go ahead and tell us you stole the motorcycle and the plates on the van or else he (Lubbock) will kill you, he likes doing stuff like this."

After this, appellant made several oral statements to the arresting officers.[2]

Still not having been advised of his rights, appellant was transported to police headquarters. Once at the police station, Officer Chriswell assumed responsibility for the interrogation. Officer Chriswell testified that he read the accused his rights, which were willingly waived, and then proceeded to take his confession. When the confession was typed, he presented it to the appellant who read and signed it. Officer Chriswell further testi-

fied that he observed appellant's demeanor and he did not appear agitated. Additionally, Chriswell denied making any promises or threats himself, but admitted he had no personal knowledge of any occurrence before the appellant was brought to the station. Furthermore, Officer Chriswell corroborated appellant's version of the signing of the confession when he said that Officer Hernandez was brought into the room just prior to the signing. Appellant's uncontroverted testimony reflects that Hernandez told him to sign " . . . or else, 'We will bring Lubbock back up here.' "

At the close of the preliminary hearing, the trial judge ruled the written confession to be voluntarily given but excluded any statements made prior to the written confession to which appellant properly excepted. Officer Chriswell was the sole witness for the State at this hearing. The accused took the stand for the limited purpose of challenging the voluntariness of his confession. Henson v. State, Tex.Cr.App., 452 S.W.2d 448 (1970); Lopez v. State, supra. There is no showing in the record that Officers Hernandez and Lubbock were unavailable to testify. Their failure to be called as witnesses left appellant's testimony as to coercion and threats at the time of the arrest completely uncontroverted. At the trial on the merits, counsel for appellant properly and timely objected to the admission of the confession which was overruled by the court; however, no fact issue as to voluntariness was made and the issue never reached the jury.

■ Since no testimony was offered on the voluntariness of the statement before the jury, the only consideration before this Court must necessarily be the admissibility of the confession. Taylor v. State, Tex. Cr.App., 498 S.W.2d 346 (1973); Morris v. State, Tex.Cr.App., 488 S.W.2d 768 (1973). Judge Douglas in Morris v. State, supra,

---

1. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); Lopez v. State, Tex.Cr.App., 384 S.W.2d 345 (1964); Art. 38.22, Vernon's Ann.C.C.P.

2. These were subsequently held inadmissible by the trial judge at the preliminary hearing, but the written confession was admitted.

after announcing the aforementioned rule, distinguished Haynes v. Washington, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963) on the basis that in Haynes, "the record did not reflect any controverting evidence to contradict Haynes' account of his interrogation." In Morris v. State, supra, and Taylor v. State, supra, "the allegations were controverted by direct evidence."

In Haynes v. Washington, supra, the United States Supreme Court concluded:

"[The police officer] did not testify and no other evidence was presented to contradict the petitioner's testimony, either as part of the prosecution's case in chief or, even more importantly, by way of rebuttal subsequent to the petitioner's testimony. We cannot but attribute significance to the failure of the State, after listening to the petitioner's direct and explicit testimony, to attempt to contradict that crucial evidence; the testimonial void is more meaningful in light of the availability and willing cooperation of the policemen who, if honestly able to do so, could have readily denied the defendant's claims."

Again in Sims v. Georgia, 389 U.S. 404, 88 S.Ct. 523, 19 L.Ed.2d 634 (1967), it was held that where none of the officers present during the incident were produced as witnesses, petitioner's claim of mistreatment went uncontradicted and the case was remanded for a Jackson v. Denno hearing. There, in a per curiam opinion, it was stated:

"The State had every opportunity to offer the police officers . . . to contradict petitioner's version of the events. Its failure to do so . . . lends support to the conclusion that their testimony would not, in fact, have rebutted petitioner's."

In the present case, it is clear from the record that at an earlier hearing in "coun-ty court," the proceedings of which are not included in this record, Officers Lubbock and Hernandez were present and available to testify. As was the court in Haynes v. Washington, supra, and Sims v. Georgia, supra, we are also concerned as to the reason for not producing the officers at the hearing on the motion to suppress.

This Court has addressed itself to a similar situation to the one here presented in Paprskar v. State, Tex.Cr.App., 484 S.W. 2d 731 (1972). There it was held that the burden is on the State to show that a consent to search was freely and voluntarily given. In that case, the burden was not satisfied when, at the hearing on the motion to suppress, the testimony of the wife of the accused who signed the written consent was not expressly refuted. The facts showed twenty or more armed officers surrounded the wife of the defendant demanding that she sign the consent form. She testified that various threats were made and identified an investigator from the district attorney's office as the one who had "slung" her across the kitchen. At the motion to suppress, this officer was not called to refute her testimony although other officers did testify as to the voluntariness of her consent. This Court held the failure to expressly refute the allegations of the witness did not meet the standard of proof required at such hearing and reversed the cause.

The facts presented in the instant case are far more grievous than those raised in Paprskar v. State, supra. While in Paprskar v. State, supra, there were twenty officers present at the incident and one did not refute the specific allegations as to his coercive acts, here there were only two officers who allegedly coerced appellant into confessing and neither was called as a witness to rebut the allegations. We cannot but conclude that the State has failed to meet its burden in proving the confession to be voluntary.[3] The only evi-

3. Although this Court has yet to decide which burden of proof is to be used by the trial court at the Jackson v. Denno hearing, the facts of the instant case are insufficient to

dence before the trial judge was the uncontroverted testimony of appellant which reflects the constitutional infirmity of the confession.

■ Several jurisdictions have directly decided this issue and require that at the hearing on the motion to suppress *all* material witnesses must be called or their absence satisfactorily explained in order for the State to meet its burden of proof that a confession was voluntarily given. See Smith v. State, 505 S.W.2d 504 (Sup.Ct. Ark.1974); Smith v. State, 254 Ark. 538, 494 S.W.2d 489 (1973); Mercer v. State, 237 Md. 479, 206 A.2d 797 (1965); Gill v. State, 265 Md. 350, 289 A.2d 575 (1972); People v. Armstrong, 51 Ill.2d 471, 282 N. E.2d 712 (1972); Stevens v. State, 228 So.2d 888 (Miss.1969). While we do not specifically adopt the aforementioned rule in this jurisdiction, we are constrained to clarify our law at this time. Clearly, the rationale upon which Paprskar v. State, supra, is founded is that the State must satisfactorily explain the accused's allegations of coercion in order to satisfy its burden of proof. It has long been the law of this State that whenever the testimony of the accused as to alleged coercive acts is undisputed, then as a matter of law the confession is inadmissible. Prince v. State, 155 Tex.Cr.R. 108, 231 S.W.2d 419 (1950); Blackshear v. State, 130 Tex.Cr.R. 557, 95 S.W.2d 960 (1936); Thompson v. State, 124 Tex.Cr.R. 440, 63 S.W.2d 849 (1933); Williams v. State, 88 Tex.Cr.R. 87, 225 S. W. 177 (1920). Compare with Fernandez v. State, 172 Tex.Cr.R. 68, 353 S.W.2d 434 (1962) and Brooks v. State, 130 Tex.Cr.R.

561, 95 S.W.2d 136 (1936).[4] The law here pronounced is nothing novel to the jurisprudence of this State but merely a reaffirmation of our well-established case law and the mandates of our Constitution.

■ The State contends that any coercion at the time of the arrest could have no effect on the voluntariness of the written confession at police headquarters. We disagree. The facts clearly indicate that Officer Hernandez was present at the signing of the confession and reminded the appellant that should he not sign, Officer Lubbock would exert physical force once again.

In Williams v. State, supra, Judge Morrow wrote:

"We think the presumption should obtain, in the absence of evidence rebutting it, that the same influences which coerced [appellant] into the admission of guilt in the first place impelled his subsequent reaffirmance of guilt, or guilty knowledge."

■ It is well settled that the "totality of the circumstances" is to be examined to determine if a confession is voluntary. E. g. Beecher v. Alabama, 389 U.S. 35, 88 S. Ct. 189, 19 L.Ed.2d 35 (1967); Clewis v. Texas, 386 U.S. 707, 87 S.Ct. 1338, 18 L. Ed.2d 423 (1967); Akridge v. State, Tex. Cr.App., 493 S.W.2d 928 (1973). In the case at bar, there was "no break in the stream of events" from the initial coercion to the giving of the confession. In fact, the contrary is shown. Hernandez was present to continue the coercive influence

support the finding that the confession was voluntary under either standard. See Valerio v. State, Tex.Cr.App., 494 S.W.2d 892, n. 2 (1973); Nash v. State, Tex.Cr.App., 477 S.W.2d 557, n. 6 (1972); compare Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972) for the rule in federal cases.

4. Where the facts are disputed, the issue is one of fact and determined by the trier of fact. Taylor v. State, supra; Morris v. State, supra; Fernandez v. State, supra;

Brooks v. State, supra. Had the police officers testified and denied any coercion or someone present at the incident denied any use of force, thus contradicting appellant's testimony, the trial judge as trier of fact could have determined the confession to be voluntary. E. g. Horne v. State, Tex.Cr.App., 506 S.W.2d 596 (1974); Gutierrez v. State, Tex. Cr.App., 502 S.W.2d 746 (1973). Failure to raise the fact issue as to voluntariness at trial would have waived any complaint on appeal. Taylor v. State, supra; Morris v. State, supra.

at the time the confession was taken. From these facts, we are unable to conclude that the confession was voluntarily made as a matter of law.

For the reasons stated, the judgment is reversed and the cause remanded.