**Robert James BERRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58227.**

Court of Criminal Appeals of Texas, Panel No. 2.

June 20, 1979.

J. R. Musslewhite, Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and Edward A. Dodd, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, TOM G. DAVIS and DALLY, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for aggravated rape. Punishment enhanced by one prior felony conviction was assessed by the jury at life.

The prosecutrix identified appellant as the person who raped her at gunpoint in her apartment about 5:00 A.M. on March 21, 1977. She reported the offense to the apartment manager who in turn notified the police. On the evening of the same day appellant called the prosecutrix and asked her to meet him at a restaurant. She suggested that appellant pick her up. The police were notified and appellant was arrested.

Appellant contends that the statement taken from him "was not freely and voluntarily given by him, was the direct result of unlawful force and coercion and findings to the contrary made by the trial judge were against the greater weight of the evidence."

At the hearing on the motion to suppress appellant testified that arresting officer Tyler made the following threat:

"He threatened to blow to blow my head off—he told me that if Officer Wade hadn't have been with him, he would have blowed by head off the minute I got out of the car. He told me that when I got to the penitentiary, I was going to get a beating, 'cause I was a rape fiend. And I told him that they didn't do people like that in the penitentiary. And he told me he would arrange for it at the City jail."

Immediately after appellant's arrest he was taken to the office of the apartment complex where the prosecutrix resided. Appellant stated that a security guard slapped him and said "if he ever seen me around that apartment project again, he'd blow my head off." The security guard did not represent himself as being a police officer.

Appellant was turned over "to two other officers" who took him to the police station. Officer Tyler did not accompany appellant to the police station nor was he there when the confession was taken. Appellant testified that the officers who took him to the police station did not threaten or physically abuse him. Officer Trimble took the confession from appellant at the police station approximately an hour and a half after he was arrested. Appellant related that Trimble read and explained his rights to him. Appellant stated that he had been to the Texas Department of Corrections on four previous occasions and that he understood his rights. In response to questions from both the prosecutor and his counsel appellant stated that Trimble did not physically abuse or threaten him. Officer Trimble refuted appellant's testimony that he was given a statement from the prosecutrix to use in making his confession. Trimble testified that appellant did not act as if he were in fear or under any threat and did not tell Trimble that he had been threatened by Tyler or any other officer that he was going to receive a beating in jail. Appellant's contention that the statement was not freely and voluntarily given appears to be bottomed on his testimony that he was afraid of the beating which was threatened by Officer Tyler coupled with the fact that he had received "some amount of beating" following the arrest.

Appellant calls our attention to the fact that neither Tyler nor the apartment security guard was called to refute appellant's testimony. See *Farr v. State*, Tex.Cr.App., 519 S.W.2d 876; *Sherman v. State*, Tex.Cr. App., 532 S.W.2d 634; *Smith v. State*, Tex. Cr.App., 547 S.W.2d 6.

In *Brooks v. State*, 130 Tex.Cr.R. 561, 95 S.W.2d 136 it was held that a confession was not rendered inadmissible as a matter of law because of the assault by an officer on the defendant which was prior to, disconnected with, and in no way related to the confession. The sheriff testified that he kicked the defendant because he called him a liar. There was no evidence about any threat to the defendant if he did not give a confession. While noting that the action of the sheriff in kicking a prisoner was regrettable, it was concluded that the assault was anterior to the confession, disconnected therewith and in no way related to the confession or any effort to obtain or force a confession.

■ The totality of the circumstances must be examined to determine whether a confession is voluntary. *Farr v. State*, Tex. Cr.App., 519 S.W.2d 876. In *Farr* the evidence was uncontradicted that there was coercion and abuse at the time of arrest, and that an arresting officer was present at the time of the confession who reminded defendant that if he did not sign the confession, another arresting officer would exert physical force again. This Court was unable to conclude as a matter of law that the confession was voluntarily made.

In *Smith v. State*, 547 S.W.2d 6 we noted the significance in a break in the stream of events from the initial coercion to the giving of the confession.

■ There is no showing that the security guard who slapped appellant at the apartment complex was a police officer. Assuming that such were the case, the words spoken and the assault in no way relate to appellant making a confession. The guard's threat was directed toward appellant ever returning to the "apartment project." Appellant's testimony relative to arresting officer Tyler's threats shows that such threats were disconnected with and in no way related to the confession or any effort to obtain or force a confession. The threat that appellant was going to receive a beating in jail or the Texas Department of Corrections was in no way conditioned upon or related to the giving or withholding of a confession. We conclude that the court's findings regarding the admissibility of the confession are supported by the evidence.

Appellant contends the court erred in admitting "State's Exhibit # 7 in evidence before the jury in that the copies of the five alleged convictions indicate that appellant did not waive his right to a trial by jury in writing and in open court."

The five convictions to which appellant directs his complaint are convictions out of Limestone County and not the conviction relied on for enhancement out of Ector County. The record reflects that appellant entered a plea of true to the conviction relied on for enhancement.

Appellant's complaint is directed to State's Exhibit No. 7, pen papers containing judgments in five felony convictions from Limestone County. Appellant testified that he was one and the same person convicted in each of these offenses and counsel for appellant expressly stated that there was no objection to the admission of the exhibit into evidence.

Appellant calls our attention to those portions of the Limestone County judgments which relate to waiver of jury. The portion in question reads:

"Thereupon the defendant requested the consent and approval of the Court to waive the right of a trial by a jury, and whereas such consent and approval, of the duly elected and acting attorney representing the State, in writing duly signed by said attorney, was filed in the papers in said cause before the defendant entered the plea of guilty, and it appears that all prerequisites required by law for the waiving of this right have been performed. Therefore the Court now gives its consent and approval for the said defendant to waive the right of a trial by a jury."

■ Appellant's position appears to be that since there is no express recital in the judgments that the appellant waived his right to trial by jury in writing as required by Art. 1.13, V.A.C.C.P. that we can infer that there was a lack of this requirement and the judgments are void.

The recitation in the judgments that "it appeared that all prerequisites required by law for the waiving of this right [trial by jury] have been performed" overcome any inference of irregularity which may arise from the omission about which appellant complains. See *Ex Parte Huddleston*, 149 Tex.Cr.R. 388, 194 S.W.2d 401. Clearly, the judgments are not subject to collateral attack under the complaint here advanced.

The judgment is affirmed.