**Selina VELOZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–250–CR.**

Court of Appeals of Texas, Corpus Christi.

May 26, 1983.

Peter C. Gilman, Brownsville, for appellant.

Reynaldo Cantu, Jr., Cameron County Dist. County, Brownsville, for appellee.

Before BISSETT, YOUNG and UTTER, JJ.

## OPINION

UTTER, Justice.

Appellant was convicted for the murder of her husband in which the jury assessed punishment at 25 years imprisonment. We affirm.

In her first three grounds of error appellant contends that her warrantless arrest was illegal, and that her subsequent confession resulting from the illegal arrest should therefore be suppressed. Appellant also alleges that her confession was not freely and voluntarily given.

Texas Ranger Bruce Casteel testified that about 1:30 or 2:00 in the afternoon on October 29, 1980, Lieutenant Ed Moody brought appellant and her sister to Brownsville, where appellant was questioned about the death of her husband. About 4:30 that afternoon, Lieutenant Moody drove appellant and her sister back to her residence in Los Indios; Ranger Casteel and FBI Agent Bob Nixon accompanied them in another vehicle. Ranger Casteel had previously obtained appellant's permission to talk to her six-year-old son; upon their arrival at appellant's residence, he interviewed the son around 5:00 or 5:30 that afternoon. Shortly afterward, appellant agreed to accompany Lieutenant Moody, Agent Nixon, and Ranger Casteel to the Department of Public Safety (DPS) Headquarters in Harlingen, where, between approximately 6:00 p.m. and 7:30 p.m., appellant gave the statement she now seeks to suppress.

Ranger Casteel further testified that appellant was not under arrest at the time she was driven to Harlingen, and that she expressed a willingness to go there; that before confessing she was informed that she did not have to make a statement and was read her rights; that she could have left at

any time until she made her statement; that she did not indicate either that she wanted a lawyer present or that she desired that the interview be terminated and the questioning ceased; that she did not request to use the telephone in the interview room; that she would have been allowed to eat or to use the restroom if she had so requested; and that she was in good physical and emotional "shape", and appeared competent. Ranger Casteel denied telling appellant that she would be unable to see her children or family until she signed the statement.

Judge Joe Roy Weaver testified that just before 9:00 p.m. on October 29 he received a call at his residence asking him to drive to Harlingen to set bond on appellant and read her her rights, which he did about 9:30. Appellant did not complain to him that she was denied any of her rights, or otherwise appear to have been abused.

At the hearing on the Motion to Suppress the Confession, appellant admitted that she returned from Brownsville about 5:00 or 5:30 in the afternoon; that she was alone in her house for about half an hour; that she then went to her sister's nearby trailer house to pick up her children; and that while she was getting her children she took pills containing Valium and Vistaril. In addition, she alleged that, after she was driven to Harlingen, the first time she received any warnings was just before she signed her name to the statement; that Ranger Casteel told her she would never see her children again if she did not sign; and that she asked to see her brother, but was informed that she had to sign first if she wanted to see anyone. Finally, she claimed that the initials on the confession were not hers, that her husband's name was misspelled, and that she was unable to read the paper because it kept "fading off." The trial judge then stated his findings into the record, and found that the confession was given voluntarily.

Appellant cites *Brown v. Illinois,* 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), *Dunaway v. New York,* 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979), *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), and *Green v. State,* 615 S.W.2d 700 (Tex.Cr.App.1980), to support her contention that a statement obtained after an illegal arrest should be suppressed. The factors to be considered when determining whether a confession was obtained by exploitation of an illegal arrest were set out in *Brown, Dunaway,* and *Green* as follows:

(1) whether *Miranda* warnings were given;

(2) the temporal proximity of the arrest and the confession;

(3) the presence of intervening circumstances;

(4) and, particularly, the purpose and flagrancy of the official misconduct.

Appellant contends that the fact situation in the *Dunaway* case is similar to that of the case now before us. However, in *Dunaway,* the Supreme Court's analysis centered on the lack of probable cause for arresting the defendant. The Court noted that the defendant was "admittedly seized without probable cause in the hope that something might turn up, and confessed without any intervening event of significance ... [to break] the connection between petitioner's illegal detention and his confession."

In the present action, appellant was a natural subject of police questioning, and we will not hold that the circumstances of this case show that appellant was the victim of an arrest made without probable cause. On the contrary, the uncontroverted evidence shows that appellant was accompanied by her sister during the afternoon; that she was returned to her home and left alone for some half an hour; that she then agreed to accompany the peace officers to Harlingen; and that she gave her statement shortly afterward. In addition, in light of Ranger Casteel's testimony that appellant was not under arrest and was free to go until she confessed, we hold that the confession was not the result of an illegal arrest.

■ When the voluntariness of the confession is challenged, the totality of the

circumstances surrounding the taking of the statement must be examined. *Berry v. State,* 582 S.W.2d 463 (Tex.Cr.App.1979); *Farr v. State,* 519 S.W.2d 876 (Tex.Cr.App. 1975). "At a hearing on the voluntariness of a confession, the trial court is the sole judge of the credibility of the witness." *Moon v. State,* 607 S.W.2d 569 (Tex.Cr.App. 1980); *Barton v. State,* 605 S.W.2d 605 (Tex.Cr.App.1980). Therefore, in such a hearing the trial court, as trier of fact, is free to believe the State's witnesses and to disbelieve appellant. *Aranda v. State,* 506 S.W.2d 221 (Tex.Cr.App.1974); *Chivers v. State,* 481 S.W.2d 125 (Tex.Cr.App.1972). We hold that there was ample evidence to justify the trial judge's finding that the confession was freely and voluntarily given. Appellant's first three grounds of error are overruled.

In her fourth ground of error appellant contends that the trial court abused its discretion by allowing a ballistics expert to testify for the State. Specifically, appellant complains that she was not notified that the State intended to elicit testimony from this expert despite the granting of her Motion for Discovery, which requested the names of all such experts.

Appellant's request to discover "all reports of scientific tests, experiments, and comparisons, and all other reports of experts and [each person's] name and address ..." was granted on February 23, 1981. On June 15, 1981, the prosecutor announced "ready" to the court and stated that late the previous week he had become aware of a ballistics report from the Department of Public Safety Laboratory in Austin. Appellant's counsel was provided with a copy of the lab report, but noted that the date of the report was May 27 and that it was not given to him until June 15. The prosecutor responded that the intended recipient of the report was not his office, but rather Ranger Casteel, who had apparently been involved in some sort of training, and had been unavailable until the previous week, at which time he delivered the report to the prosecutor. The prosecutor then stated that he had been in trial most of the preceding week and had not been aware of the report until the previous Thursday or Friday. Appel-

lant's counsel contended that he was harmed because he did not know what the ballistics expert would testify to, other than what was in the report, and had not had a chance to talk to either the expert or his own investigator about the expert testimony.

It appears from the record that on July 15, the State's ballistics expert had not come to Brownsville and was still in Austin. The court announced that it would recess in order to give appellant the opportunity to call Austin and interview the State's witness. Appellant declined to call Austin and re-urged her motion. After the recess, the case was called for trial and selection of the jury was begun. An agreement was made between counsel for the State and appellant to interview the witness on the morning of July 16th at 7:00 a.m. The parties met, but through a misunderstanding or disagreement appellant did not interview the expert. At 9:00 a.m. on July 16th the following exchange took place between the Court and counsel for appellant:

THE COURT: How much time do you need to talk to the expert witness, Mr. Gilman?

MR. GILMAN: I'd like an hour, Your Honor.

THE COURT: Well, you don't need that much time. This report doesn't have very much in it.

MR. GILMAN: I know it. It's very brief, Your Honor.

THE COURT: There is not too much in the thing that would require that much time for you to talk to him.

 &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

Didn't your investigator talk to him this morning?

MR. GILMAN: After I left this morning, my investigator showed up and asked him a few questions.

THE COURT: Does your investigator need to interview him any further?

MR. GILMAN: There are some more questions that we'd like to ask him, yes.

THE COURT: All right. What is your name, sir?

THE WITNESS: Story. Calvin Story.

THE COURT: Mr. Story, this is Jesse Morales, who is the investigator for the defendant. You go with him and permit yourself to be interviewed by him. Do you need to be there, too?

MR. GILMAN: Well, I'd like to talk to him, too, Your Honor.

THE COURT: Okay. I will give you half an hour.

■ "If a witness who was not included within a witness list is permitted to testify, the standard of review is whether the trial court abused its discretion in allowing such witness to testify." *Hightower v. State,* 629 S.W.2d 920 (Tex.Cr.App.1981); *Lincoln v. State,* 508 S.W.2d 635 (Tex.Cr.App.1974). Factors to be considered in determining whether an abuse of discretion occurred include (1) a showing of bad faith by the prosecutor in failing to disclose the name of the witness, and (2) whether the defendant could reasonably anticipate that the witness would testify, even though his name was omitted from the witness list. *Hightower, supra.*

■ We hold that there has been no showing that the trial judge abused his discretion by allowing the witness to testify. Appellant argues that the lack of preparation time deprived her of competent assistance of counsel; however, viewing the evidence in its entirety, we are convinced that appellant's counsel could and should have reasonably anticipated that such a witness would testify, especially since he was notified when the alleged murder weapon was returned from the lab. The trial judge repeatedly granted appellant's counsel opportunities to contact and talk to the expert witness. *Cherry v. State,* 488 S.W.2d 744 (Tex.Cr.App.1972). In addition, the record reflects that counsel for appellant intensively and effectively cross-examined the witness in regard to his testimony. Appellant's fourth ground of error is overruled.

■ In her fifth ground of error appellant contends that there was insufficient evidence to establish the corpus delicti of the murder. This argument is not briefed and contains no citation of authorities to sustain appellant's contention. It does not comply with Article 40.09 of the Tex.Code of Criminal Procedure and therefore presents nothing for review. *McWherter v. State,* 607 S.W.2d 531 (Tex.Cr.App.1980); *Daniel v. State,* 486 S.W.2d 944 (Tex.Cr.App.1972). Appellant's fifth ground of error is overruled.

■ In her sixth ground of error, appellant contends that the trial court erred by allowing the State to introduce only a specified portion of her confession. It appears from the record that the State attempted to introduce the appellant's entire confession. Appellant objected to its introduction. The court recessed the jury until the following morning. After the jury was recessed, appellant re-urged her argument to suppress the confession. The trial court overruled appellant's motion to suppress. The following morning, after the jury was convened, the State sought to introduce appellant's confession with certain exculpatory paragraphs deleted. The State announced that it did not desire to introduce the exculpatory portions of the confession because, under the rule that a party is bound by the evidence it offers, it would have to disprove the exculpatory matter in order to establish appellant's guilt. The appellant objected to the State's offer of only the undeleted portions of the confession. The trial court overruled appellant's objection as to the deletion of portions of the confession. The confession was then read in open court; when the reader came to the deleted material, the trial judge announced to the jury that that portion was not desired to be in evidence by the State, and that the defense was therefore offering it. Also, since the jury would receive a copy of the confession, it was marked to delineate the disputed material. Appellant contends that such a ruling not only constituted a comment on the evidence, but prejudiced her by forcing her attorney to then object in open court and request that the entire confession be admitted into evidence. Appellant cites no authority for this argument.

It is not error for the trial court to allow the State to introduce a defendant's confession into evidence with exculpatory paragraphs deleted, especially when the trial court informs the defendant of her right to introduce the deleted portions, and she avails herself of that right. *Harrington v. State,* 547 S.W.2d 616 (Tex.Cr.App.1977); *Bizzarri v. State,* 492 S.W.2d 944 (Tex.Cr.App.1973).

In the case before us, the trial court clearly informed appellant's counsel that if he elected not to introduce the exculpatory paragraphs, they would "be excised from the statement" shown to the jury. The defense then requested that the deleted matter be introduced into evidence. No error is shown, and appellant's sixth ground of error is overruled.

In her seventh and final ground of error, appellant contends that the trial court erred by not granting her oral motion for instructed verdict after the State rested its case because "there was not sufficient evidence to support the State going further on the murder charge." "The motion was denied by the trial court and appellant then presented her defense. By presenting a defense, appellant waived her contention that the trial court erred by overruling her motion for instructed verdict." *Kuykendall v. State,* 609 S.W.2d 791 (Tex.Cr.App.1980); *Shirley v. State,* 501 S.W.2d 635 (Tex.Cr.App.1973).

All of appellant's grounds of error are overruled, and the judgment of the trial court is AFFIRMED.