Affirmed and Memorandum Opinion filed March 6, 2003









Affirmed and Memorandum Opinion filed March 6, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00408-CR

____________

 

FIDENCIO FELIBERTO GARCIA,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 177th District Court

Harris County, Texas

Trial
Court Cause No. 873,424

 



 

M
E M O R A N D U M   O P I N I O N

In
his sole issue on appeal, appellant Fidencio Feliberto Garcia claims the trial court erred in denying
his motion to dismiss for entrapment.  We
affirm.








Appellant
made arrangements to sell marijuana to Stafford Fontenot, a police informant,
on April 3, 2001.  At the direction of
Deputy Phillip Askew of the Harris County Sheriff=s Department, Fontenot asked appellant to bring the marijuana
to Fontenot=s business.  Once there,
Fontenot asked appellant to follow him to Fontenot=s
residence, which permitted another deputy to follow appellant.  On the way, the police stopped appellant  for a traffic violation, and a search of
appellant=s car revealed the marijuana.

Appellant
was charged with possession of marijuana in an amount that was less than two
thousand pounds but more than fifty pounds. 
See Tex. Health &
Safety Code Ann. ' 481.121 (Vernon Supp. 2003). 
Appellant filed a motion to dismiss on the defense of entrapment, on
which the trial court conducted a pretrial hearing pursuant to article 28.01,
section 1(9) of the Code of Criminal Procedure. 
See Tex. Pen. Code Ann.
'
8.06 (Vernon 1994); Tex. Code Crim. Proc. Ann. art. 28.01, '
1(9) (Vernon 1989).  The trial court
denied appellant=s motion, and appellant pleaded no contest.  Appellant was then sentenced to eight years=
deferred adjudication, fined $500, and ordered to perform 300 hours of
community service.

Appellant
claims the trial court erred in denying his motion to dismiss.  As the trier of
fact, the trial court is authorized to weigh the evidence and from the
circumstances draw a legal conclusion as to whether appellant was
entrapped.  See Taylor v. State,
886 S.W.2d 262, 265 (Tex. Crim. App. 1994).  In reviewing the trial court=s
ruling, we must determine whether, viewing the evidence in the light most
favorable to the prosecution, any rational trier of
fact could have found against appellant on the issue of entrapment beyond a
reasonable doubt.  See Flores
v. State, 84 S.W.3d 675, 681 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d).








The
only evidence supporting appellant=s claim of entrapment is appellant=s
own testimony.  Appellant claims that
because Fontenot did not testify at the hearing, appellant=s
version of events is conclusive. 
However, as the sole trier of fact and judge
of credibility, the trial court was free to disbelieve all of appellant=s
testimony, even if uncontroverted.  See State v. Ross, 32 S.W.3d
853, 857 (Tex. Crim. App. 2000).[1]  In addition, Deputy Askew testified, without
objection, that, according to Fontenot, appellant had been Atrying
to push some marijuana@ on Fontenot prior to April 3. 
The trial court was entitled to weigh this evidence against appellant=s
claim that he was induced into possessing the marijuana.  See England v. State, 887
S.W.2d 902, 913 (Tex. Crim. App. 1994) (holding that
the entrapment defense contains a subjective componentCthat
the accused was actually induced to commit the charged offenseCas
well as an objective component).  We
conclude that a rational trier of fact could have
found, beyond a reasonable doubt, that appellant had not been entrapped.  Accordingly, we overrule appellant=s
sole issue and affirm the trial court=s judgment.

 

 

 

 

/s/        Eva
M. Guzman

Justice

 

 

Judgment rendered and Memorandum Opinion
filed March 6, 2003.

Panel consists of Justices Hudson, Frost,
and Guzman.

Do Not Publish C
Tex. R. App. P. 47.2(b).

 

 











[1]  We recognize
the Court of Criminal Appeals has held that when an appellant moves to suppress
a confession on the grounds it was not voluntarily given, the confession is
inadmissible as a matter of law if the appellant=s
testimony is undisputed.  See Farr
v. State, 519 S.W.2d 876, 879B80 (Tex.
Crim. App. 1975). 
Because this case does not involve a motion to suppress an allegedly
involuntary confession, Farr does not apply.  Even if it did, both the State and appellant
attempted ,without success, to locate Fontenot. 
Because the State presented a reasonable explanation for Fontenot=s failure to testify, the trial court was free to
disbelieve appellant=s testimony, even under Farr.  See Sherman v. State, 532
S.W.2d 634, 636 n.2 (Tex. Crim. App. 1976).