**Garland Charles SHERMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50799.**

Court of Criminal Appeals of Texas.

Feb. 18, 1976.

Ebb B. Mobley, Longview, Court appointed on appeal, for appellant.

Odis R. Hill, Dist. Atty., Alvin G. Khoury, Asst. Dist. Atty., Longview, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for murder. A jury assessed punishment at life imprisonment.

Appellant contends that the evidence was insufficient to support the trial court's finding that his confession was voluntary and therefore it was error to admit the same into evidence. It will be seen that appellant's contentions are correct, and the judgment must be reversed upon the authority of *Farr v. State,* Tex.Cr.App., 519 S.W.2d 876, and the authorities there cited.

A pre-trial hearing to determine voluntariness was conducted in accordance with *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); *Lopez v. State,* Tex.Cr.App., 384 S.W.2d 345; and Article 38.22, V.A.C.C.P. At the conclusion of the hearing, the trial court found that the confession of appellant was freely and voluntarily made, that there was no coercion or mistreatment exercised upon him, that no promises or threats were made to him, and that the confession was admissible in evidence. We must determine from the record if the court abused its discretion by so finding.

The record of the hearing reflects that appellant was arrested in Oklahoma on April 28, 1974, the day after he allegedly committed the offense. He waived extradition proceedings, was returned to Gregg County on May 30, 1974, and was arraigned before a magistrate the following day. The magistrate advised him of his rights, including the right to counsel, but appointed no attorney to represent him on the capital offense with which he was charged because, the magistrate testified, he did not request an attorney. No attorney was appointed to represent appellant until July 12, 1974.

Appellant testified that except for one visit to the hospital he was held incommunicado in his jail cell between May 30, when he was returned to the Gregg County jail, and June 28, when he signed a statement amounting to a full confession of the offense of murder. He said that he was denied access to a telephone and received no visitors except police officers.

During the two and one-half month interval between his arrest and the appointment of counsel appellant was interrogated on numerous occasions. Three officers were present at the signing of the confession on June 28: deputies Frank Odom and Bill Roach and Chief Deputy Jim Cochran. Appellant testified at the pre-trial hearing that it was Cochran who coerced the confession:

"Q. [by defense attorney] Did you on June 28, 1974, sign this statement?

"A. [appellant] Yes, sir.

"Q. Why did you sign it on that date? What were the circumstances?

"A. Because they had told me—uh—

"Q. Now when you say 'they', I want names.

"A. Uh, Chief Cochran told me that he was going to ask for the death penalty and that he was sure he could get it and that he was going to also ask the D.A. which he was sure he could get that, too, to indict me on the habitual criminal act.

". . .

"Q. Did you have any alternative for not signing that statement when you signed it, Sherman? I mean, of course

you could have refused to sign it. Why did you sign that statement that day?

"A. I signed it because I thought maybe I would get the death penalty. That's the reason why. The electric chair. That's what Chief Cochran—

"Q. Did you believe that?

"A. Yes, sir."

Cochran did not testify at the pre-trial hearing. His absence was wholly unexplained. Odom and Roach did testify. Neither denied that Cochran had coerced appellant to confess. Roach merely denied that he himself had threatened, coerced, or intimidated appellant. He further stated that he repeated the Miranda warnings to appellant the day the confession was given. He denied that appellant had requested an attorney.

Odom testified that no one in his presence had coerced, intimidated, or forced appellant to sign the confession. He also stated that he never interrogated the appellant, that he did not know who had, and that he was present only for the ten to twenty minute period immediately preceding the signing of the confession.

Appellant, therefore, in effect testified that he signed the confession because Cochran had convinced him he would receive the death penalty if he refused. He further testified that he continually told Cochran he wanted to talk to an attorney prior to signing any statement, but Cochran refused. Neither of the officers who testified at the hearing denied or could deny either assertion because there was no showing that either was present when the statements were allegedly made.[1] Cochran, who could

have denied the assertions, inexplicably failed to testify. Therefore, under any standard of the State's burden of proof, the trial court abused its discretion in overruling appellant's motion to suppress because appellant's allegations of coercion were not contradicted.[2] This case is squarely within the holding of *Farr v. State,* Tex.Cr.App., 519 S.W.2d 876. The confession should not have been entered into evidence.

For failure of the State to fulfill its burden of showing that appellant's confession was voluntary, the judgment is reversed and the cause is remanded.

---

1. Cf. *Farr v. State,* Tex.Cr.App., 519 S.W.2d 876, 880 n. 4: "Had the police officers testified and denied any coercion or *someone present at this incident* denied any use of force, thus contradicting appellant's testimony, the trial judge as trier of fact could have determined the confession to be voluntary." (Emphasis added)

2. It should be understood that if the State had presented a reasonable explanation of Cochran's failure to testify, such as his death or their inability to locate him, the

trial court would have been free to disbelieve appellant's testimony. When the State neither placed Cochran on the stand nor explained his absence, the obvious inference is that he did not testify because he could not deny appellant's allegations. See *Sims v. Georgia,* 389 U.S. 404, 88 S.Ct. 523, 19 L.Ed.2d 634 (1967); *Haynes v. Washington,* 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963). No such inference could be made, however, if there were an explanation of the absence of the witness.