Ross Eric BARTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 58754.

Court of Criminal Appeals of Texas, Panel No. 3.

Oct. 8, 1980.

Robert T. Baskett, court appointed on appeal only, Dallas, for appellant.

Henry Wade, Dist. Atty., J. T. Langford, Hugh Lucas, Jr., and Dan C. Guthrie, Jr., Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for murder. V.T.C.A. Penal Code, Sec. 19.-02(a)(1). The jury found appellant guilty and set punishment at 20 years.

In a single ground of error appellant contends that the trial court erroneously admitted appellant's confession because the State had failed to prove the confession was given voluntarily following a knowing and intelligent waiver of the right to remain silent and the right to assistance of counsel.

Ross Eric Barton, age 17 at the time of the offense, was convicted for the murder of Otis Foster, age 68. Appellant was arrested for another offense on September 21, 1976. The following day appellant signed a confession stating that he had met Foster at the Greyhound Bus Station in Dallas upon appellant's arrival from California on September 5, 1976. The appellant accepted an invitation to Foster's home to clean up and eat. Appellant alleged that shortly after arriving at the home he was attacked by Foster, causing appellant to panic and stab Foster in the back with a knife appellant carried for his self–protection. Foster died from the wounds. The State presented circumstantial evidence indicating that Foster had been the victim of an attempted robbery.

Appellant testified that he was advised of his constitutional rights pursuant to the *Mi-randa*[1] decision at the time of his arrest, upon being taken before a judge the following morning, and again prior to signing the confession. Evidence that the appellant acknowledged understanding these rights prior to signing the confession is not controverted.

The "confession" in controversy is a typed statement prepared by the police officers based upon appellant's statements during interrogation. This typed document was subsequently signed by the appellant while in custody. There is no evidence that appellant ever requested an attorney.

Appellant contends that the confession was inadmissible as a matter of law because his allegations of coercion are uncontroverted. *Sherman v. State*, Tex.Cr.App., 532 S.W.2d 634, 634–35; *Farr v. State*, Tex.Cr. App., 519 S.W.2d 876, 880. In compliance with *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 and Art. 38.22, Sec. 6, V.A.C.C.P. the trial court conducted a hearing, in the absence of the jury, inquiring into the voluntariness of this confession. Appellant testified that he was beaten by two officers at the jail on the night he was arrested, September 21, 1976. Further, on the following night prior to appellant's signing the confession, Detective Carlan had removed his eyeglasses[2] and stood with his foot on appellant's knee in an intimidating manner while the two were alone in the interrogation room. Appellant testified that due to the prior beating and Detective Carlan's actions, he was in fear of personal injury at the time he signed the confession. Testimony established that Detective Carlan was alone with the appellant for a period of time prior to the signing of the confession, and Carlan did not testify at the trial because he was "in Austin." Sergeant Parker testified that he left the room for a "matter of minutes," but remained directly outside the door. Appellant also stated that he was told "it would go easier on [him] in court" if he signed the confession. Following the *Jackson v. Denno* hearing the

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

2. Sergeant Parker testified that Detective Carlan did not wear eyeglasses.

trial court made its findings and conclusions and ruled the confession admissible.

■ Uncontroverted testimony of an accused that a confession was procured through coercive acts renders such confession inadmissible as a matter of law. *Sinegal v. State*, Tex.Cr.App., 582 S.W.2d 135, 137; *Smith v. State*, Tex.Cr.App., 547 S.W.2d 6, 8; *Farr v. State*, Tex.Cr.App., 519 S.W.2d 876, 880. The determination of whether a confession is voluntary must be based upon examination of the totality of the circumstances surrounding its acquisition. *Berry v. State*, Tex.Cr.App., 582 S.W.2d 463, 465; *McKittrick v. State*, Tex.Cr.App., 541 S.W.2d 177, 183–84; *Farr v. State*, Tex.Cr.App., 519 S.W.2d 876, 880. Since the trial judge is the trier of fact at a hearing on the voluntariness of a confession, he is the exclusive judge of credibility of witnesses as well as the weight to be afforded their testimony. *Burks v. State*, Tex.Cr.App., 583 S.W.2d 389, 393; *Williams v. State*, Tex.Cr.App., 566 S.W.2d 919, 922; *McKittrick v. State*, Tex.Cr.App., 541 S.W.2d 177, 184. Appellate challenges to the trial court's determinations of fact or applications of law should be directed to whether the trial court abused its discretion. *Sinegal v. State*, Tex.Cr.App., 582 S.W.2d 135, 137; *Sherman v. State*, Tex.Cr.App., 532 S.W.2d 634, 635.

Appellant's testimony at the *Jackson v. Denno* hearing raises two possible sources of coercion which must be controverted by the State to avoid exclusion of the confession: the alleged beating of appellant on the night of his arrest, and the allegation of Detective Carlan's intimidating behavior immediately prior to appellant's signing the confession.

With regard to the averment that appellant was beaten without provocation on the night of his arrest, the State produced testimony from two police officers that the appellant had attacked another prisoner while in custody, and any force utilized by the police officers present was reasonable and necessary in order to subdue the appellant and protect the other prisoner. This testimony constitutes sufficient controverting evidence to support the trial judge's finding.

■ Further, this Court has recognized the significance of an interruption in the stream of events between the initial coercion and the giving of a confession. E.g., *Berry v. State*, Tex.Cr.App., 582 S.W.2d 463; *Smith v. State*, Tex.Cr.App., 547 S.W.2d 6; *Brooks v. State*, 130 Tex.Cr.R. 561, 95 S.W.2d 136. A confession is not rendered inadmissible as a matter of law because of an assault upon the defendant which occurred prior to, disconnected with, and apparently unrelated to the subsequent confession. E.g., *Berry v. State*, supra; *Brooks v. State*, supra. In the instant case the confession was not taken until the day after the alleged beating of the appellant. During the interim appellant was taken before a municipal judge who advised him of his *Miranda* rights. The evidence showing that the alleged beating on the night of appellant's arrest is disconnected with and unrelated to the subsequent confession supports the trial court's findings relative to the admissibility of the confession.

The State's failure to produce Detective Carlan to refute the appellant's allegations of coercion immediately preceding his signing of the confession lends support to the conclusion that Carlan's testimony would not have rebutted the appellant's testimony. See *Sims v. Georgia*, 389 U.S. 404, 406, 88 S.Ct. 523, 525, 19 L.Ed.2d 634, 637; *Smith v. State*, Tex.Cr.App., 547 S.W.2d 6, 8 n.2. Cf. *Haynes v. Washington*, 373 U.S. 503, 509–12, 83 S.Ct. 1336, 1340–42, 10 L.Ed.2d 513, 518–20; *Hooper v. State*, Tex.Cr.App., 533 S.W.2d 762, 767; *Farr v. State*, Tex.Cr.App., 519 S.W.2d 876, 880. Absent Detective Carlan's testimony, the testimony of someone present at the time of the alleged incident would have been sufficient to controvert the appellant's contention. E.g., *Smith v. State*, Tex.Cr.App., 547 S.W.2d 6, 8 n.1; *Farr v. State*, Tex.Cr.App., 519 S.W.2d 876, 880 n.4. The only other officer present during the interview, Sergeant Parker, admitted that Carlan spent some time alone with the appellant, and could not unequivocally controvert appellant's allegations.

Had the State presented a reasonable explanation of Carlan's absence, "such as his death or their inability to locate him" the trial court would have retained discretion to disbelieve the appellant's allegations. *Smith v. State*, Tex.Cr.App., 547, S.W.2d 6, 8 n.2. That Carlan was "in Austin," standing alone, does not constitute sufficient explanation of his unavailability to discharge the State's burden. See *id.* at 8 n.2; *Farr v. State*, Tex.Cr.App., 519 S.W.2d 876, 880.

Nevertheless, the record is not wholly void of evidence to controvert the appellant's testimony. While Sergeant Parker left the interview room for a matter of minutes, he remained directly outside the door while Detective Carlan was alone with appellant. Following the reduction of appellant's statement to writing by Detective Carlan, a civilian city employee, Karla Crenshaw, typed the statement onto a "Voluntary Statement" form which contained the *Miranda* warnings in addition to the following language:

> "I do not want to consult with a lawyer prior to or during the answering of any questions or the making of this statement and I do hereby knowingly and voluntarily waive my above explained rights and *I do make the following voluntary statement to the aforementioned person of my own free will and without any promises or offers of leniency or favors, and through no fear, coercion or threat of physical harm by any person or persons whomsoever:* . . ." (Emphasis added.)

Following transcription and proofreading, the statement was read to the appellant in its entirety, including the form warnings, by Sergeant Parker in the presence of Crenshaw and Detective Carlin. All four persons present during this reading of the statement had individual copies thereof, and, after the entire statement had been read, appellant was asked if he wanted to make any changes therein. Appellant responded, "no," and signed the statement in the presence of Sergeant Parker, Detective Carlan, and Crenshaw. Sergeant Parker testified that he was convinced the statement was entirely voluntary, and that appellant "didn't seem to be under any pres-

sure whatsoever." Cf. *McMahon v. State*, Tex.Cr.App., 582 S.W.2d 786, 790.

Finally, the following colloquy between the State's attorney and the appellant occurred upon cross–examination of the appellant at the *Jackson v. Denno* hearing:

"Q. Are you saying, then, that the officer you mentioned, Officer Evans, hit you for no reason, in the City Jail?

"A. When I was handcuffed behind by back, yes.

"Q. For no reason whatsoever?

"A. Yes.

"Q. Is that right?

"A. Yeah, that's correct.

"Q. *And because Officer Evans had hit you the night before for no reason whatsoever, you were scared it might happen again, so you made this statement; is that correct?*

"A. *Yes, sir.*

"Q. Now, neither one of the detectives that we have talked about injured you in any way, did they?

"A. No, sir." (Emphasis added.)

The italicized question can be reasonably construed as intended to set out all factors influencing appellant's decision to sign the statement. The effect of appellant's affirmative response, coupled with his subsequent testimony that neither detective injured him in any way, is that the sole source of coercion was the alleged unprovoked beating on the night of appellant's arrest. As previously discussed, this allegation was controverted by two State witnesses. The trial court is the exclusive judge of both the credibility of the witness and the weight to be afforded the testimony. *Burks v. State*, Tex.Cr.App., 583 S.W.2d 389, 393; *Williams v. State*, Tex.Cr.App., 566 S.W.2d 919, 922; *McKittrick v. State*, Tex.Cr.App., 541 S.W.2d 177, 184. Since there is evidence supporting the trial judge's findings, we cannot rule that the trial court has abused its discretion. Cf. *McMahon v. State*, Tex. Cr.App., 582 S.W.2d 786, 790. Such evidence also supports the trial court's deter-

mination that appellant was not coerced by statements that "it would go easier on [him] in court" if he signed the confession. Cf. *Honea v. State*, Tex.Cr.App., 585 S.W.2d 681, 686; *McMahon v. State*, Tex.Cr.App., 582 S.W.2d 786, 790.

Examination of the record in this case does not disclose any abuse of discretion by the trial judge in concluding that the appellant understood his right to remain silent and right to assistance of counsel. There is evidence in the record to support the trial court's findings that, based upon the totality of the circumstances, appellant knowingly, voluntarily, and intentionally waived these rights prior to and during the making of the statement. The presence of evidence in the record supportive of the trial court's finding that the confession was voluntary distinguishes the instant holding from *Sherman v. State*, Tex.Cr.App., 532 S.W.2d 634 and *Farr v. State*, Tex.Cr.App., 519 S.W.2d 876.

The judgment is affirmed.