**Patricia Ann TAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0285–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 4, 1982.

Walter J. Pink, Houston, for appellant.

Alvin M. Titus, Houston, for appellee.

Before EVANS, C. J., and STILLEY and DOYLE, JJ.

DOYLE, Justice.

Appellant was indicted for the offense of injury to a child and murder. She was convicted of the lesser included offense of involuntary manslaughter. Punishment was assessed at five years confinement in the Texas Department of Corrections. Appellant appeals this conviction, listing seven grounds of error.

The appellant does not challenge the sufficiency of the evidence. The facts, to the extent necessary, will be discussed under the respective grounds of error.

Appellant in her first ground of error contends that the court erred in refusing to allow her to make an opening statement following the State's opening statement.

Tex.Code Crim.Pro.Ann. art. 36.01 (Vernon 1966) sets out the order of trial. The statute provides that a defendant's opening statement shall be made after the presentation of the State's evidence. The record reflects that appellant's counsel

made an opening statement after the State's presentation of the evidence. *Atkinson v. State*, 523 S.W.2d 708 (Tex.Cr. App.1975). The order of the trial complied with art. 36.01. Appellant's first ground of error is overruled.

Appellant in her next ground of error complains of a written statement she gave to the police regarding the child's injuries. In this statement appellant confessed that she sought to punish her one-year-old daughter by placing her in a tub containing hot water. As a result, the child received second and third degree burns to 25% of her body and died as a result of these burns. Appellant further stated that she did not intend to burn the decedent child.

Appellant contends that the court erred in failing to respond to her timely request to instruct the jury concerning the effect of an involuntary confession.

■ After reviewing the court's charge it is apparent that the jury was instructed to disregard the alleged confession, unless it first found that the confession had been voluntarily given. The relevant portion of the charge is as follows:

> "You are instructed that unless you believe beyond a reasonable doubt that the alleged confession or statement introduced into evidence was voluntarily made by the defendant, or if you have a reasonable doubt thereof, you shall not consider such alleged statement or confession for any purpose nor any evidence obtained as a result thereof."

The court's charge substantially followed the appellant's requested charge. Our courts have consistently held that when a charge refused is substantially the same as the charge given by the court, no harm is shown. *Aranda v. State*, 506 S.W.2d 221 (Tex.Cr.App.1974); *Ayers v. State*, 606 S.W.2d 936 (Tex.Cr.App.1980). Appellant's second ground of error is overruled.

Appellant's grounds of error three and seven contend that the evidence was insufficient to establish that her confession was voluntarily given, and thus the court erred in admitting the same into evidence. Appellant further argues that her motion for an instructed verdict should have been granted since the State's entire case rested upon her involuntary confession.

A pre-trial hearing to determine the voluntariness of appellant's confession was conducted in accordance with Tex.Code Crim.Pro.Ann. art. 38.22 (Vernon 1966); *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

Appellant argues that she was mentally coerced into signing the confession since the polygraph operator had threatened to take her children from her and to have her sent to prison. Appellant cites numerous cases that address the issue of involuntary confessions. None are on point with the facts in the instant case.

■ As a general rule, before a confession can be admitted into evidence, it must be shown to have been freely and voluntarily given. *Barton v. State*, 605 S.W.2d 605 (Tex.Cr.App.1980).

The facts before us show that the confession was voluntarily given. The testimony adduced at trial established that Officer Childress was summoned to the polygraph division. When she arrived, the appellant informed her that she wanted to tell her how the decedent child got burned. Before taking any statements from the appellant, the officer advised her of her statutory rights. The officer then took appellant to a magistrate who again advised appellant of her statutory rights pursuant to art. 3822, supra.

Thereafter, appellant was escorted to the juvenile division by the officer and was again advised of her rights. The appellant told the officer again that she wanted to tell her what happened with her baby. The officer testified that she did not physically or verbally threaten or coerce the appellant into making any statements and that the appellant was not under arrest at the time she gave the statement. Appellant acknowledged that she was warned of her statutory rights by both the officer and the judge, and that she understood the warnings. Appellant corroborated the officer's testimony by stating that the officer did

not physically or mentally coerce or threaten her into making any statements. The sole source of coercion allegedly came from the polygraph operator who was not present at the time appellant made her statement. Appellant testified that she did not inform the officer about any threats made by the polygraph operator.

 The general rule is that the trial judge's findings in a hearing on the issue of the voluntariness of a confession will not be overturned when there is evidence to support his findings, unless there is a showing of an abuse of discretion. *Barton*, supra. We find that there is ample evidence to support the judge's findings that the statement was freely and voluntarily given and overrule appellant's third and seventh grounds of error.

Appellant complains in her fourth ground of error that the court erred in receiving prejudicial hearsay testimony from an expert witness over appellant's timely objection.

 In overruling this ground of error, we observe that Dr. Bellas testified that he personally performed the autopsy on the decedent child and that the autopsy report was true and accurate. The autopsy report consisted of facts that were within the doctor's personal knowledge. Appellant has failed to established that this report contained hearsay evidence.

Appellant's sixth ground of error argues that the court erred in receiving prejudicial testimony concerning a polygraph test administered without the appellant's consent.

The courts have consistently held that evidence of the results of a polygraph test is not admissible by either the State or defendant. *Lee v. State*, 455 S.W.2d 316, 321 (Tex.Cr.App.1970); *Renesto v. State*, 452 S.W.2d 498 (Tex.Cr.App.1970). *Robinson v. State*, 550 S.W.2d 54 (Tex.Cr.App. 1957).

 The following colloquy between appellant and her attorney took place regarding the polygraph test:

Defense Counsel:

Q. Did you take the test?

A. Yes, sir.

Q. All right. After you took the test . . . what did he say to you?

A. He said I was lying, I wasn't telling the truth.

The record shows that appellant's counsel in his cross-examination of the State's witness brought out the fact that appellant took the polygraph test. In view of fact that appellant introduced the testimony of which she now complains, any error would be harmless. *Yates v. State*, 509 S.W.2d 600 (Tex. Cr.App.1974).

The judgment of the trial court is affirmed.