John Lee VIGES, Appellant,

v.

STATE of Texas, Appellee.

No. C14–83–201CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 23, 1984.

Discretionary Review Refused
July 18, 1984.

Jimmy James, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

SEARS, Justice.

Appellant was convicted of aggravated robbery and, due to two prior felony convictions, was sentenced to life imprisonment. In his sole ground of error, Appellant argues that the trial court erred in admitting statements, made by him while in police custody, which led to the fruits of the crime. Appellant claims that the statement was not given voluntarily. We affirm the conviction.

During the trial, the judge retired the jury and conducted a hearing on Appellant's Motion to Suppress the evidence and to determine the voluntariness of his statement. At that time Appellant testified that his co-defendant was physically assaulted by the police at the scene of their arrest. He further testified that Officer McCoy yanked the co-defendant out of a chair by the hair of his head then threw him against a wall, causing an epileptic seizure. At that time, McCoy told Appellant that he would get the same treatment if he refused to give a statement. Appellant was then taken by two other police officers to a different room. He told them where they could find both the car he and his co-defendant drove the night in question and the complainant's .38 caliber derringer which Appellant had hocked. The statement was reduced to writing but Appellant refused to sign it.

The only witness called by the state to establish that the statement was given voluntarily was Officer Kent. He testified he was in and out of the room during the time Appellant made the statement and that he was not present at the scene of the arrest or at the time McCoy allegedly assaulted the co-defendant. McCoy was in the courtroom, having previously testified for the state, but was not called to rebut Appellant's testimony that his statement was coerced. We agree that the state failed to establish the voluntariness of Appellant's statement. *See Sherman v. State*, 532 S.W.2d 634 (Tex.Crim.App.1976).

We find no error because prior to the hearing on the voluntariness of the statement, two witnesses gave testimony regarding the gun. Mr. Lewis Seals testified, without objection, that Appellant gave him a .38 caliber derringer in hock for $40. He further testified that Officer Kent came to his home and told him Appellant had told the police he hocked the gun with the witness. Then complainant was shown the pistol picked up from Mr. Seals and he testified, without objection, that the pistol was his and that it was taken from him when he was robbed at gunpoint by Appellant and the co-defendant. As clearly stated in *Brasfield v. State*, 600 S.W.2d 288, 296 (Tex.Crim.App.1980) (cites omitted), "It has long been the rule that improper admission of evidence does not constitute reversible error if the same facts were proved by evidence not objected to." *See also Coleman v. State*, 632 S.W.2d 858 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd).

The only remaining objectionable testimony concerns the car driven by Appellant and his co-defendant the night of the crime. This testimony was not material or necessary to the conviction of Appellant and any error caused by the introduction of such evidence was harmless.

Ground of error one is overruled and we affirm the conviction.