Frankie Jean CONNER, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 85 202A CR.

Court of Appeals of Texas,
Beaumont.

Feb. 11, 1987.

See also, 725 S.W.2d 454.

Constance A. Luedicke, Conroe, for appellant.

Peter Speers, III, Dist. Atty., Conroe, for appellee.

## OPINION

BURGESS, Justice.

Appellant was indicted for sexual assault of a child (No. 18,030 in the court below) and compelling prostitution (No. 18,029 in the court below). Both indictments were tried together. Appellant was found guilty of both charges and the jury assessed punishment at twenty years confinement in the Texas Department of Corrections. This opinion resolves the appeal on the sexual assault. Appellant alleges five points of error, none of which challenge the sufficiency of the evidence.

The state alleged that appellant, acting as a party, intentionally and knowingly caused the penetration of the vagina of M.C., a female child under the age of 17 years and not her spouse by inserting Roy Lee Reese's penis into M.C.'s vagina.

The victim was appellant's 17-year old daughter, but was living with her maternal grandmother. The daughter testified that on at least three separate occasions, she was picked up by the mother, who then picked up Roy Lee Reese. Thereafter, appellant and Reese forced M.C. to have sexual intercourse, while appellant stood outside the car. The sexual assault indictment grew out of the incident alleged to have happened on or about December 20, 1984.

The initial point of error alleges the trial court committed error in overruling a motion to suppress a written statement given by appellant. Appellant testified, outside the presence of the jury, that she had been drinking beer and taking medication prior to giving the statement and did not know what she had signed during her interrogation. Appellant alleges the state did not rebut such testimony and that *Sherman v. State,* 532 S.W.2d 634 (Tex.Crim.App.1976) requires a reversal. *Sherman,* however, is not on point, in that an officer rebutted appellant's contentions in this case.

The detective testified that appellant was aware of her rights, understood them, and initialed the written statement form beside each enumerated right. The detective further stated that she observed no physical disabilities or indications that appellant did not have full mental capacity. The evidence was sufficient for the trial court to find that the confession was given freely and intelligently. This point of error is overruled.

Appellant's next point of error alleges the trial court erred in failing to submit a charge to the jury on the voluntariness of the confession. The issue of voluntariness was never raised in the presence of the jury, therefore, no charge was warranted. *Hughes v. State,* 562 S.W.2d 857 (Tex.Crim.App.1978). Further, appellant neither objected to the charge to request inclusion of the voluntariness charge, therefore, nothing was preserved for review. *Boles v. State,* 598 S.W.2d 274 (Tex. Crim.App.1980). This point of error is overruled.

The third point of error complains of the following exchange:

Q But you didn't try to get out of the car and leave, did you?

[STATE'S ATTORNEY]: I would object to that. It is irrelevant.

THE COURT: Sustained.

[DEFENSE COUNSEL]: Pass the witness, Your Honor.

The complaint on appeal is that the issue of restraint and abduction was presented to the jury relative to venue and that sustaining the objection was error. At the time the question was asked and the objection sustained, there was no indication that the question was in relation to the

venue issue. In fact, at the time of the question, defense counsel did not apprise the court of the reasons for the question, nor attempt to make any bill of exception. In order for a complaint concerning exclusion of testimony to be considered by an appellate court, the record must show what the excluded testimony would have been. Absent that showing or offer of a statement concerning what the excluded testimony would have shown, nothing is presented for review. *Stewart v. State,* 686 S.W.2d 118 (Tex.Crim.App.1984). Point of error number three is overruled.

Point of error number four is closely related to the previous point in that appellant alleges the trial court erred in denying her motion to reopen testimony regarding restraint or abduction of the victim as it related to the venue issue. If evidence is admissible, irrespective of its weight, probative value or cumulative nature, and if it was offered before the charge was read, it is reversible error to refuse the request to reopen for its receipt unless it appears its introduction will impede the trial or interfere with the administration of justice. *Vital v. State,* 523 S.W.2d 662 (Tex.Crim.App.1975).

It is not error, however, to refuse to reopen for inadmissible evidence. *Tucker v. State,* 578 S.W.2d 409 (Tex.Crim.App. 1979). Here, however, there is no proffered testimony by way of bill of exception to enable the trial court, much less this court, to determine if the requested evidence was admissible. In order to reopen, the evidence must be offered before the reading of the charge. In this case, there was no offer of evidence, simply a motion to reopen. Hence, we cannot say the trial court erred in refusing to reopen. This point of error is overruled.

The last point of error alleges the verdict is void because appellant was indicted in the 9th District Court and was tried in the 221st District Court. Appellant's contentions are without merit for two reasons. First, while *TEX.CODE CRIM. PROC.ANN. 4.16* (Vernon 1977) provides that the first court in which an indictment is filed retains jurisdiction, this does not preclude or oust jurisdiction of other courts with concurrent jurisdiction. *Garber v. State,* 667 S.W.2d 611 (Tex.App.—El Paso 1984, no pet.). Moreover, appellant may not complain about this for the first time on appeal if it was apparent at the time of trial. *See Jones v. State,* 700 S.W.2d 31 (Tex.App.—Houston [1st Dist.] 1985, no pet.). Second, *TEX.REV.CIV.STAT.ANN. art. 199a, sec. 2.002(b)* (Vernon Supp.1987) allows the judge of the 221st District Court to "try and determine any case or proceeding pending in either of the other courts without having the case transferred...." Thus, there was no error.

The judgment of the trial court is affirmed.

AFFIRMED.