Lance Rene CARR, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–86–00960–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 12, 1987.

Rehearing Denied Dec. 31, 1987.

Douglas Durham, Houston, for appellant.

John B. Holmes, Frances Northcutt, Houston, for appellee.

Before EVANS, C.J., and COHEN and DUGGAN, JJ.

COHEN, Justice.

Appellant pled guilty to possession of less than 28 grams of methamphetamine, and the court assessed punishment at seven years, probated, and a $1,000 fine. Thereafter, appellant pled guilty and was convicted of two misdemeanor offenses. The State moved to revoke appellant's probation, alleging as grounds the commission of the two misdemeanor offenses. The trial court found the allegations true, revoked probation, and sentenced appellant to seven years confinement.

Appellant's sole point of error contends that the trial court abused its discretion in revoking his probation based upon void judgments in the two misdemeanor cases. The sole evidence proving the commission of the misdemeanor offenses was the judgment in each case, cause number 919912 for evading arrest, and cause number 919913 for possession of less than two ounces of marihuana. No witnesses testified at the probation revocation hearing concerning the commission of either offense.

Appellant contends that the misdemeanor judgments were void because he did not voluntarily waive the right to counsel in either case.

The Sixth Amendment to the United States Constitution guarantees the right to counsel in misdemeanor cases. *Argersinger v. Hamlin*, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972). An accused may waive the right to counsel, but the waiver must be voluntary. "Waiver" is defined as the intentional abandonment of a known right. *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938).

When, as here, judgments are collaterally attacked, the judgments are presumed to be regular, and the burden is upon the defendant to defeat the presumption of regularity. *Breazeale v. State*, 683 S.W.2d 446 (Tex.Crim.App.1984). Thus, the controlling question is whether appellant's proof in this collateral attack was sufficient to overcome the presumption of regularity of the two misdemeanor judgments.

The State introduced into evidence the judgments from both misdemeanor convictions. Each recites that appellant knowingly, intelligently, and voluntarily waived the right to counsel. The State further introduced a document from each misdemeanor case styled "waiver of rights/plea of guilty."[1] That document recites broad

---

1. WAIVER OF RIGHTS/PLEA OF GUILTY

Now comes the defendant in the above entitled and numbered cause, and makes the following statement and plea of guilty.
1. That I am mentally competent and that I understand the nature of the charges against me. 2. I have been advised that I have the right to remain silent and that everything I say can be used against me. 3. I have been advised that I have the right to a jury trial. 4. I have been advised that I have a right to a lawyer and if I am too poor to afford one the court will appoint a lawyer to represent me. 5. I have been advised of the consequences of a plea of guilty, including the minimum and maximum punishment provided by law. 6. I have been advised that any recommendation of the prosecuting attorney as to punishment is not binding upon the court, and where there is a plea bargain agreement and the punishment assessed by the court does not exceed the agreed recommendation, that I will not have the right to appeal without permission of the court. The State's recommendation is _____. 7. I understand that upon a plea of guilty, with a jury waiver, punishment may be assessed by the court without evidence, at the discretion of the court.

However, I desire to waive and do voluntarily waive the right to trial by jury. I also knowingly and voluntarily waive my right to counsel. I am guilty of the charge against me and I do not wish to contest the case. In open court I freely and voluntarily enter my plea of guilty to the offense charged in the information and request the court to make immediate disposition of this case based upon my plea.

Lance    Carr

and thoroughgoing waivers of the right to jury trial and to counsel, confesses guilt, and recites that the judge advised appellant of his rights to counsel and to jury trial. The documents are signed by the appellant, the prosecutor in the misdemeanor cases, and the county court judge. The misdemeanor judgments and waivers are regular on their face.

Appellant testified at the hearing on the motion to revoke probation that he was arrested on November 7, 1986, and remained in jail continuously until November 9, when he appeared in County Criminal Court at Law Number 3 of Harris County for arraignment. He was indigent and unable to hire a lawyer. On November 9, before the arraignment, appellant was approached by a prosecutor in the holdover cell near the courtroom. Appellant testified that the prosecutor told the assembled prisoners that Judge Duncan did not appoint counsel for anyone; that he would make them a fair offer for their case if they wanted to plead guilty, and if not, they would be back in court in two weeks and "better have our own attorney." Appellant testified that the prosecutor knew that he was on probation, and they discussed whether a guilty plea to the misdemeanors would be grounds to revoke probation. Appellant testified that the prosecutor answered that it was "probably not, but it was a different courtroom and he didn't know for sure." Appellant agreed to plead guilty to both cases for 30 days in jail, concurrently, after the prosecutor told him that he would "do 15 days and go home." Appellant testified that after talking to the prosecutor, he did not know whether the guilty plea would be grounds for probation revocation, and that he would not have pled guilty if he had been advised that the guilty pleas would have alone been sufficient to support revocation of proba-

tion. The appellant acknowledged signing the waiver form. He conceded that the judge told him that he had a right to a lawyer but, considering that the prosecutor had just told him that the judge did not appoint attorneys, "I was thinking in my mind that everybody has a right to a lawyer if they have money." Appellant testified that he did not ask the judge to appoint a lawyer or tell anybody that he wanted a lawyer. Appellant testified that he earned a G.E.D. after quitting school in the ninth grade.

The misdemeanor prosecutor was called by appellant to testify, and stated that he remembered talking to inmates on November 9, 1986, but not to appellant in particular. He testified that he generally knows when a misdemeanor defendant is on felony probation. His practice with a felony probationer is to say that he can "make no guarantees on what the consequences will be in the felony court." He does not advise felony probationers that their guilty plea to the misdemeanor offense will alone be sufficient to support revocation of probation. He testified that he never tells prisoners that it will be to their disadvantage to waive counsel and plead guilty. He never denied that he told appellant that the county court judge did not appoint lawyers for indigent defendants.

The State argues that appellant has not proved by a preponderance of the evidence that he did not voluntarily waive the right to counsel. *Ex parte Auten*, 458 S.W.2d 466, 468 (Tex.Crim.App.1970). The State relies on the clear and complete recitals in the "Waiver of Rights/Plea of Guilty" form. However, the Court of Criminal Appeals has held that such instruments are not "conclusive proof" of a voluntary waiver. *Ex parte Ross*, 522 S.W.2d 214, 220 (Tex.Crim.App.1975).

---

Assistant District Attorney     Defendant

I have consulted with the defendant and advised him of his rights. I believe him to be competent, and approve his entry of this plea, waiver counsel and jury trial. This plea (is) (is not) the result of a plea bargaining agreement with the prosecuting attorney.

---

Jimmie Duncan
Judge Jimmie Duncan
Presiding Judge
County Criminal Court at Law No. 3
Harris County, Texas

Appellant contends that such waivers cannot be held voluntary in light of the undisputed evidence that the prosecutor told him that the judge did not appoint counsel. We agree with this contention.

A prosecutor is an officer of the court, an officer of the State, and a member of a learned profession. It is "the primary duty of all prosecuting attorneys ... not to convict, but to see that justice is done...." Tex.Code Crim.P.Ann. art. 2.01 (Vernon 1974).

When a lawyer bearing the prestigious title of assistant district attorney, representing the power of the State and of the court, enters a jail cell and declares that the trial judge will not appoint lawyers for those too poor to afford them, the necessary effect will be to unfairly induce all but the boldest present to waive counsel. No later admonition in court is likely to cure the harm. Such suppression of constitutional rights cannot be papered over by boiler-plate waivers and judgment recitals.

After appellant was assured by an assistant district attorney in a personal consultation that he would have no court-appointed counsel, it is hardly surprising that he would interpret the court's later admonition to mean that he had the right to hire counsel. The significant admonitions and waivers in this case were not the carefully prepared and recorded ones given in the courtroom before the trial judge; they were the ones that took place behind closed doors, without a judge, without a court reporter, without public scrutiny, and without counsel.

We place great importance on the fact that the misdemeanor prosecutor testified in detail about his actions on November 9, yet never denied the statements attributed to him by appellant.

It has long been the law of this State that whenever the testimony of the accused as to the alleged coercive acts is undisputed, then as a matter of law the confession is inadmissible ... The law here pronounced is nothing novel to the jurisprudence of this State but merely a reaffirmation of our well-established case law and the mandates of our Constitution.

*Farr v. State,* 519 S.W.2d 876, 880 (Tex. Crim.App.1975).

The rule unanimously declared in *Farr* has been frequently applied. *Barton v. State,* 605 S.W.2d 605, 607 (Tex.Crim.App. 1980); *Harville v. State,* 591 S.W.2d 864, 867 (Tex.Crim.App.1979); *Alonzo v. State,* 591 S.W.2d 842, 846 (Tex.Crim.App.1979); *Sinegal v. State,* 582 S.W.2d 135, 137 (Tex. Crim.App.1979); *Smith v. State,* 547 S.W. 2d 6, 8 (Tex.Crim.App.1977); *Sherman v. State,* 532 S.W.2d 634, 635 (Tex.Crim.App. 1976). The Court of Criminal Appeals, when dealing with collateral attacks based on involuntary waiver of counsel, has noted the State's failure to offer evidence denying a petitioner's claims. *See Ex parte Auten,* 458 S.W.2d at 468; *Ex parte Bird,* 457 S.W.2d 559, 561 (Tex.Crim.App.1970).

In *Nash v. State,* 591 S.W.2d 460 (Tex. Crim.App.1980), the court found that a waiver of counsel was voluntary beyond any doubt because the county probation officer "fully explained" to the defendant his "absolute right to an attorney...." 591 S.W.2d at 463. This is the opposite of the present case, where the prosecutor explained to appellant that he absolutely would not have a court-appointed attorney.

We hold that a waiver obtained under these coercive circumstances cannot be characterized as voluntary. Consequently, the judgments in cause numbers 919,912 and 919,913 from County Criminal Court at Law Number Three of Harris County should have been declared void. Because these void judgments were the only evidence supporting the probation revocation, the judgment in the instant case must be vacated and appellant's probation reinstated.

Point of error one is sustained.

The judgment revoking probation is vacated and set aside, and appellant's probation is reinstated.