CR-409.Evans.draft 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00409-CR







Terry Evans, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT


NO. 94R-071, HONORABLE DAN R. BECK, JUDGE PRESIDING







PER CURIAM


 A jury found appellant Terry Evans guilty of aggravated possession of cocaine. 
See Tex. Health & Safety Code Ann. § 481.115(e) (West Supp. 1996) (possession of more than
200 but less than 400 grams). The trial court assessed punishment at sixteen years' imprisonment. 
By three points of error, appellant complains that the State's argument during voir dire was
harmful, as was the State's cross-examination of appellant, and that the admission of hearsay
testimony was prejudicial. We will affirm the trial court's judgment.

 Because appellant does not challenge the sufficiency of the evidence, we briefly
review the facts. On October 8, 1994, two La Grange police officers noticed a car driving
erratically on the Highway 71 bypass. Appellant was driving and other individuals were in the
car. The officers followed the car into a gas station. One of the officers engaged appellant in a
conversation as appellant was putting gas in the car. During the conversation, the officer learned
from appellant that he had no driver's license or insurance. Appellant consented to a search of
the car. In patting down the occupants of the car, the officer felt something hard in the crotch
area of a juvenile that was sitting in the car's back seat. Thinking that possibly the juvenile was
concealing a weapon, the officer continued his search and discovered that the hard item was
several crack cocaine cookies.

 By point of error one, appellant complains that the State improperly argued the
facts of the case during voir dire over appellant's objection. Appellant contends that the State's
actions were reasonably calculated to prevent a fair trial by prejudicing the venire before trial.

 The purpose of jury voir dire is to allow the attorneys for the State and the
defendant to question the prospective jurors in such a way that the attorneys may intelligently
exercise their peremptory challenges. Mines v. State, 852 S.W.2d 941, 946 (Tex. Crim. App.
1992); See Mathis v. State, 576 S.W.2d 835, 836 (Tex. Crim. App. 1979) (counsel permitted to
ascertain prospective jurors' attitudes regarding minimum punishment); Varughese v. State, 892
S.W.2d 186, 190 (Tex. App.--Fort Worth 1994, no pet.) (counsel permitted to determine how
prospective jurors would view circumstantial evidence case). The conduct of voir dire
examination is within the trial court's discretion. Dowden v. State, 758 S.W.2d 264, 274 (Tex.
Crim. App. 1988). Only abuse of such discretion will require reversal on appeal. Id.

 Appellant complains about the State's voir dire examination contained on pages 2,
3, and 4 of volume II of the statement of facts. The State's voir dire examination began with the
following statement:



I will expect the evidence to show that on last October the 8th, an automobile
operated by Mr. Evans was stopped on the Highway 71 bypass.



Appellant objected that the State was "going into the evidence during voir dire." After the trial
court overruled appellant's objection, the State continued its examination with a discussion about
what it expected the undisputed evidence would show. The State explained what possession meant
under the law. Additionally, the State used an example of two people involved in a bank robbery
with only one person actually taking money from the bank to explain the concept of the law of
parties. Finally, the State inquired whether any of the venire members had received a traffic ticket
from one of the arresting police officers.

 We conclude that the trial court did not abuse its discretion during the State's voir
dire examination. Initially, we note that appellant lodged only one objection during the State's
voir dire examination. Without a timely, proper objection, nothing is preserved for our review. 
Tex. R. App. P. 52(a). Regardless of the preservation issue, appellant was charged based upon
the law of parties. During voir dire, the State was entitled to ascertain whether the prospective
jurors understood this legal concept. This information was necessary for the State to effectively
exercise its peremptory challenges. We find nothing prejudicial or injurious to appellant in the
State's reference to some of the undisputed facts of the case. We overrule point of error one.

 By point of error two, appellant contends that the trial court erred by allowing
prejudicial hearsay testimony into evidence over his objection. Specifically, appellant complains
about the trial court allowing into evidence two written statements given by individuals
accompanying appellant on October 8, 1994. Both statements implicated appellant and
contradicted appellant's written statement and his testimony at trial.

 The State called as a witness police officer John Wells who arrested appellant, a
juvenile, and Ural Jarmon the evening of October 8, 1994. The State reviewed with Wells the
events leading up to his discovery of cocaine on the juvenile and his arrest of the three
individuals. The State asked Wells what happened to the juvenile after he was arrested. Officer
Wells responded that after the juvenile was given Miranda warnings, he gave a written statement
about the events, and he was transported to a juvenile detention center. The State did not at this
point of the trial inquire about the contents of the juvenile's statement. Wells also explained that
appellant made a voluntary statement before him at the county sheriff's office. The State offered
appellant's written statement which the trial court admitted into evidence. After appellant's
statement was admitted, Officer Wells read appellant's statement to the jury.

 Appellant cross-examined Officer Wells. Appellant asked Officer Wells extensively
about the contents of the juvenile's written statement but did not seek to have the entire statement
entered into evidence. Later, during the State's re-direct examination of Wells, the trial court
admitted the juvenile's statement into evidence over appellant's objection that the statement
contained hearsay testimony and that the State did not show that the juvenile was unavailable to
testify. The trial court, in overruling the objection, noted that appellant had initially solicited the
contents of the juvenile's statement.

 The same sequence occurred at trial leading to the trial court's admission of
Jarmon's written statement. Appellant, during cross-examination, asked Officer Wells extensively
about the contents of Jarmon's written statement without seeking to have the entire statement
entered into evidence. When the State conducted its re-direct examination, the trial court admitted
Jarmon's entire written statement into evidence over the same objections appellant lodged
regarding the juvenile's statement. 

 Regarding both of the written statements, appellant complains on appeal about the
admission of the statements in their entirety after appellant originally solicited testimony from
selected portions of the statements. Considering that appellant originally introduced portions of
the statements he now complains of, error, if any, in the admission of the statements was
harmless. Tex. R. Crim. Evid. 107; see Garcia v. State, 901 S.W.2d 724, 730 (Tex.
App.--Houston [14th Dist.] 1995, no pet.) (defendant cannot complain about error created by his
own line of questioning); Taylor v. State, 630 S.W.2d 824, 826 (Tex. App.--Houston [1st Dist.]
1982, no pet.) (no harm to defendant who complained of polygraph results to which he initially
referred at trial). We overrule appellant's second point of error.

 By point of error three, appellant contends that the trial court erred by allowing
irrelevant and harmful testimony. The State, during cross-examination, asked appellant several
questions about his girlfriend. The State asked and appellant answered approximately five
questions about his girlfriend before appellant objected to the relevancy of the questions. The trial
court overruled appellant's objection.

 We conclude that appellant did not properly preserve his third point of error. To
preserve error for appeal regarding admitted testimony, a party must make a timely objection that
states the specific grounds for the objection, if not apparent from the record. Tex. R. App. P.
52(a); Tex. R. Crim. Evid. 103(a)(1). In this instance, appellant failed to object to several
questions asked of him by the State about his girlfriend and then objected to the entire line of
questioning regarding her. Appellant's objection was too late to preserve error regarding the
State's previous questions. Consequently, appellant failed to timely preserve error. In reviewing
the challenged testimony, we conclude beyond a reasonable doubt that error, if any, in the
admission of testimony about appellant's girlfriend made no contribution to appellant's conviction. 
Tex. R. App. P. 81(b)(2). We overrule appellant's third point of error.

 Having addressed all of appellant's points of error, we affirm the trial court's
judgment. 


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: August 28, 1996

Do Not Publish



arrested appellant, a
juvenile, and Ural Jarmon the evening of October 8, 1994. The State reviewed with Wells the
events leading up to his discovery of cocaine on the juvenile and his arrest of the three
individuals. The State asked Wells what happened to the juvenile after he was arrested. Officer
Wells responded that after the juvenile was given Miranda warnings, he gave a written statement
about the events, and he was transported to a juvenile detention center. The State did not at this
point of the trial inquire about the contents of the juvenile's statement. Wells also explained that
appellant made a voluntary statement before him at the county sheriff's office. The State offered
appellant's written statement which the trial court admitted into evidence. After appellant's
statement was admitted, Officer Wells read appellant's statement to the jury.

 Appellant cross-examined Officer Wells. Appellant asked Officer Wells extensively
about the contents of the juvenile's written statement but did not seek to have the entire statement
entered into evidence. Later, during the State's re-direct examination of Wells, the trial court
admitted the juvenile's statement into evidence over appellant's objection that the statement
contained hearsay testimony and that the State did not show that the juvenile was unavailable to
testify. The trial court, in overruling the objection, noted that appellant had initially solicited the
contents of the juvenile's statement.

 The same sequence occurred at trial leading to the trial court's admission of
Jarmon's written statement. Appellant, during cross-examination, asked Officer Wells extensively
about the contents of Jarmon's written statement without seeking to have the entire statement
entered into evidence. When the State conducted its re-direct examination, the trial court admitted
Jarmon's entire written statement into evidence over the same objections appellant lodged
regarding the juvenile's statement. 

 Regarding both of the written statements, appellant complains on appeal about the
admission of the statements in their entirety after appellant originally solicited testimony from
selected portions of the statements. Considering that appellant originally introduced portions of
the statements he now complains of, error, if any, in the admission of the statements was
harmless. Tex. R. Crim. Evid. 107; see Garcia v. State, 901 S.W.2d 724, 730 (Tex.
App.--Houston [14th Dist.] 1995, no pet.) (defendant cannot complain about error created by his
own line of questioning); Taylor v. State, 630 S.W.2d 824, 826 (Tex. App.-